**COMMISSIONER OF INTERNAL REVE-NUE v. GERMANTOWN TRUST CO.**

No. 6989.

Circuit Court of Appeals, Third Circuit.

July 14, 1939.

Writ of Certiorari Granted Nov. 13, 1939.

See 60 S.Ct. 176, 84 L.Ed. ——.

James W. Morris, Asst. Atty. Gen., and Sewall Key and F. E. Youngman, Sp. Asst. Attys. Gen., for petitioner.

Paul F. Myers, of Washington, D. C., Harold Evans, of Philadelphia, Pa., and Martin W. Meyer, of Washington, D. C., for respondent.

Before BIGGS, CLARK, and BIDDLE, Circuit Judges.

BIDDLE, Circuit Judge.

This appeal from the Board of Tax Appeals involves two questions: Whether this court has jurisdiction; and whether the period for assessing the tax is governed by Section 275(a) or 275(c) of the Revenue Act of 1932, 47 Stat. 237. We shall consider them in that order.

The taxpayer is the trustee. Germantown Trust Company Bond Investment Fund was formed by Germantown Trust Company, a Pennsylvania trust company, under an agreement dated April 1, 1930, by which the trust company acted as trustee by investing the money of persons deposited with it in diversified securities, in which they secured undivided shares, represented by certificates issued to them by the trustee. On March 15, 1933, the trust company, as trustee, filed for the Fund a "Fiduciary Return of Income" on Treasury Form 1041, on behalf of the trust estate, for the calendar year 1932, with the Collector of Internal Revenue for the First Collection District of Pennsylvania. It did not file a corporation income tax return. The fiduciary return disclosed net taxable income of $26,570.58, which was included by the participants in the fund in their individual tax returns, of which the last was filed on March 15, 1933. On February 27, 1937, the Commissioner of Internal Revenue mailed a notice of deficiency to the trustee and the Fund, basing the deficiency on the ground that during the year 1932 the Fund was operating as a corporation as defined by Section 1111(2), 26 U.S.C.A. § 1696(3), and Article 1312, Regulations 77, Revenue Act of 1932. On petition by the taxpayer the Board of Tax Appeals held that assessment of the deficiency was barred by Section 275(a).

## Jurisdiction.

Section 1002(a) of the Revenue Act of 1926, c. 27, 44 Stat. 110, as amended by the Act of 1934, c. 277, 48 Stat. 760, 26 U.S.C. § 641, 26 U.S.C.A. § 641, provides: "Except as provided in subdivision (b), such decision [of the Board of Tax Appeals] may be reviewed by the Circuit Court of Appeals for the circuit in which is located the collector's office to which was made the return of the tax in respect of which the liability arises or, if no return was made, then by the Court of Appeals of the District of Columbia."

■ Was a return of tax filed in this case so as to give this court jurisdiction?

We can find no basis for distinguishing between a fiduciary return and a corporation income tax return, so far as jurisdiction is concerned. Both are tax returns, though one may be accompanied by payment, and both involve a definite act on which jurisdiction may be hung. Both are returns "of the tax in respect of which the liability arises". If the Fund is taxable the tax is based on the information shown in the Fiduciary Return. It is spoken of as a "return" by Sec. 142 of the Act, Revenue Act of 1932, c. 209, 47 Stat. 214, 26 U.S.C. § 142, 26 U.S.C.A. § 142: "*Requirement of return.*—Every fiduciary * * * shall make under oath a return for any of the following individuals, estates, or trusts for which he acts * * *." The distinction becomes irrational for this purpose. It is only when no act is performed by the taxpayer, no return of any kind made, that it becomes necessary to set up jurisdiction elsewhere.

## Period of Limitation.

Section 275(a) of the Revenue Act of 1932, c. 209, 47 Stat. 169, 26 U.S.C. § 275, 26 U.S.C.A. § 275 note, reads: "*General Rule.* The amount of income taxes imposed by this title shall be assessed within two years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period."

Section 275(c) reads: "*Corporation and Shareholder.*—If a corporation makes no return of the tax imposed by this title, but each of the shareholders includes in his return his distributive share of the net income of the corporation, then the tax of the corporation shall be assessed within four years after the last date on which any such shareholder's return was filed."

Section 276(a) of the Act, 26 U.S.C. § 276, 26 U.S.C.A. § 276(a), reads as follows: "*False return or no return.* In the case of a false or fraudulent return with intent to evade tax or of a failure to file a return the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time."

■ It will be seen that there are three classes of limitations. Where a return is filed, the assessment must be made in two years. Where no return is filed, or where the return is false, there is no period of limitation. But where the corporation files no return (except a fiduciary return) but its

shareholders do, the period is four years from the last date on which any shareholder's return was filed. This section of course does not apply where a corporation makes no return and its shareholders include its dividends in their return. It looks to a case only where the corporation makes no return and each of its shareholders includes "his distributive share of the net income." Shareholders do not ordinarily include "distributive shares"; ordinarily they return dividends. When, however, they believe that the entity is not a corporation but a fiduciary, liable only to file a fiduciary return, there are no dividends, and they return their distributive shares, as shown by the fiduciary return. It is hard to imagine their returning such distributive shares without the fiduciary return, from which they obtain the necessary information.

■ It is difficult to conceive, therefore, how Section 275(c) could apply except where a fiduciary return is made, as in this case, by the entity, imagining itself to be a fiduciary, but perhaps later determined to be a corporation. The section must be meant to apply to a case where this entity fails to make a corporation return but makes only a fiduciary return. Then the longer period of four years permits the government to ' determine whether the grouping of individuals in the particular form used creates a liability in addition to and separate from that of the individuals—a corporate liability—often a difficult and close question, and largely unsettled in 1934. If this were otherwise, and the section not directed to this very situation, why a four year limitation?

This intention is shown in the report of the Ways and Means Committee of the House on the 1926 Act, in which the provision first appeared as Section 277(a) (5)[1]: "This section provides that if a corporation makes no return of the tax imposed by this bill, but each of the shareholders includes in his return his distributive share of the net income of the corporation, then the tax of the corporation shall be assessed within four years after the last date on which any such shareholder's return was filed. This provision is limited to taxes imposed under this bill, and it is incorporated in the bill to make certain that if in the future the beneficiaries of a trust or the members of an association include their distributive share in their income tax return, and if at a later date it should be held that the trust or association is subject to the corporation tax and should have made the return, the statute of limitations as applied to the trust or association shall run from the dates above specified." The Senate Committee repeated this explanation.[2] It was natural that the Commissioner should be given a longer period for assessment at that time, when the considerations making associations taxable as corporations had not been established by the Supreme Court.

■ We are of course familiar with the decision of the Circuit Court of Appeals for the Second Circuit in Commissioner v. Roosevelt & Son Inv. Fund, 89, F.2d 706, that it did not have jurisdiction, not passing on the other question, and dismissing the appeal. Similar facts were presented. The court thought that "return of the tax" must carry the same meaning in the venue section as in the limitation sections, sections 275(a) and (c) of the Revenue Act of 1928, 45 Stat. 856, identical with those we are considering. But courts have not felt it necessary to invoke such rigid consistency where different meanings were evidently intended for the same words. See Helvering v. British-American Tobacco Co., 2 Cir., 69 F.2d 528, 530, affirmed 293 U.S. 95, 55 S.Ct. 55, 79 L.Ed. 218; Helvering v. Stockholms Enskilda Bank, 293 U.S. 84, 86–88, 55 S.Ct. 50, 79 L.Ed. 211. The context of words may affect their meanings. The kind of return required by classification for jurisdiction need not be the same as the return which will start a period of limitation.

■ We decide therefore that we have jurisdiction; that section 275(c) is applicable; and that the decision of the Board of Tax Appeals must be reversed. The record is remanded to the Board of Tax Appeals with the direction to determine the taxpayer's appeal on the merits.

---

[1] H.Rep. No. 1, 69th Cong., 1st Sess. p. 11.

[2] S.Rep. No. 52, 69th Cong., 1st Sess., p. 28.