## MARSHALL'S HEIRS et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7084.

Circuit Court of Appeals, Third Circuit.
April 26, 1940.

---

[14] See cases cited in note 12, supra.

[15] Public Service Commission v. Philadelphia Rapid T. Co., 3 Cir., 82 F.2d 481.

[16] 11 U.S.C.A. § 516(4).

936

Charles Denby, Jr., of Pittsburgh, Pa., for petitioner.

S. Dee Hanson, Sp. Asst. to Atty. Gen., for respondent.

Before BIGGS, MARIS, and CLARK, Circuit Judges.

BIGGS, Circuit Judge.

■ The question presented for our determination at the time of the argument was whether the trust of which the petitioner, Fidelity Trust Company, is trustee was an association taxable as a corporation during the years 1932, 1933 and 1934, pursuant to the provisions of Sections 1111(a)(2) of the Revenue Act of 1932, c. 209, 47 Stat. 169, 289, and 801(a)(2) of the Revenue Act of 1934, c. 277, 48 Stat. 680, 771, 26 U.S.C.A.Int.Rev.Code, § 3797(a)(3). In view of the decision of this court in Germantown Trust Company, Trustee, v. Commissioner of Internal Revenue, 3 Cir., 106 F.2d 139, the petitioner did not contend that the assessment of deficiencies for the years 1932 and 1933 by the Commissioner was barred by limitations. Our ruling upon this question was reversed by the Supreme Court in Germantown Trust Company v. Commissioner, 60 S.Ct. 566, 84 L.Ed. ——. It follows that since the trustee filed fiduciary income tax returns for the taxable year 1932 on March 15, 1933, and for the taxable year 1933 on March 15, 1934, and since the Commissioner gave the deficiency notice on March 13, 1937, the two year limitation after the filing of the return for the assessment of deficiencies by the Commissioner prescribed by Section 275(a) of the Revenue Act of 1932, c. 299, 47 Stat. 169, 237, 26 U.S.C.A.Int.Rev.Acts, p. 565, is applicable and the Board of Tax Appeals erred in holding that the assessment and collection of taxes from the petitioner for the years 1932 and 1933 were not barred by limitations. The status of the trust for the taxable year 1934, however, remains for our determination.

Section 801(a)(2) of the Revenue Act of 1934 provides: "The term 'corporation'

MARIS, Circuit Judge, dissenting in part.

includes associations, joint-stock companies, and insurance companies."

The facts are as follows: George V. Marshall, the father of the beneficiaries under the trust sub judice, acquired certain real estate and interests in real estate in the City of Pittsburgh, Pennsylvania. In 1917 Marshall leased his land to Frank & Seder, a partnership, for use by them as a department store, the lease to expire upon April 30, 1938. The lease was for a net rental; taxes, insurance and repairs to be paid by the lessees. In 1918, Marshall died, leaving his interests in the property to his wife, who caused Marshall Land Company to be incorporated under the laws of Pennsylvania. She conveyed her interest in the land to this company. In December, 1923, National Department Stores, Inc., acquired the business and assets of Frank & Seder, Inc., a corporation which had acquired the assets of the partnership. Other interests in the real estate occupied by the store were conveyed to Marshall Land Company from time to time and by February 20, 1924, the land and interests of Marshall Land Company in the site became coextensive with those now held by the petitioner. On February 28, 1922, Mrs. Marshall divided her stock, apparently constituting all of the stock of the Marshall Land Company, between her four children, the beneficiaries under the trust.

In April, 1924, National Department Stores, Inc., desiring to enlarge its building, entered into agreement with Marshall Land Company extending the lease previously executed until April 30, 1968. In November, 1925, Marshall Land Company conveyed the real estate to its four shareholders as tenants in common. They immediately conveyed the land to the trustee.

Other facts require brief mention. The land was conveyed to the trustee subject to a mortgage falling due in 1927. When due it was paid by a loan procured by the trustee. This loan was secured by a mortgage with interest at 5% per annum and with a specified amortization. In 1932 National Department Stores, Inc., defaulted in the payment of the rent. The lease provided that upon such default the lessor could evict the tenant. The trustee did not exercise this power but negotiated a new lease with National Department Stores, Inc., receiving reduced rentals during the period of the negotiations. The new lease was upon substantially the same terms as the old.

The agreement of trust between the Marshall heirs and the petitioner gives the trustee power to hold and manage the property, to lease it, to collect the rents and oversee the payment of taxes, municipal assessments, insurance and the interest on any mortgage, to make payments on account of any mortgage, to pay the income from the trust to the beneficiaries, to sell the property or any part of it at public or private sale, to make and deliver notes, to secure funds, to make payments on account of principal or interest upon indebtedness, to execute and deliver bonds and mortgages in order to refund any existing mortgage, and to pay for the construction of a building or alterations to it.

The trust agreement also provides that the trustee shall not be liable for taxes, judgments or other charges other than to the extent of the trust res. The agreement circumscribes the conduct of the trustee in that it requires a majority in interest of the beneficiaries to consent to specified acts on the part of the trustee. For example, the trustee may not make a lease, withhold income from the beneficiaries, sell the property or any part of it, make or deliver notes or other evidences of indebtedness, or construct or alter any building upon the land without the consent of a majority in interest of the beneficiaries. The agreement also provides that the trust shall continue to the end of the life of the last surviving beneficiary but not beyond April 30, 1968. On the other hand the agreement provides that a majority of the beneficiaries may revoke the trust at any time. The trust agreement states that the guardian of any minor shall have the same powers in respect to the trust as would the minor if he was of age and acting for himself.

Aside from the petitioner negotiating a new lease with the trustees of National Department Stores, Inc., during that company's insolvency and paying off the old mortgage and negotiating the new, the administration of the trust has been of the ordinary and usual kind. The petitioner has collected the rent, made the interest and amortization payments on the mortgage, and paid the net income to the beneficiaries. It appears from the rent and expense accounts in evidence that upon one occasion the trustee paid a county tax and was reimbursed therefor by National Department Stores, Inc. The petitioner has charged a comparatively small fee for its annual compensation.

We are required in the light of the foregoing to determine if this trust is an association employed to carry on a business enterprise and to share its gains. Such is the criterion applied by the Supreme Court in Morrissey v. Commissioner, 296 U.S. 344, 359, 56 S.Ct. 289, 80 L.Ed. 263. Whether or not the beneficiaries exercise a substantial measure of control is no longer the test. Hecht v. Malley, 265 U.S. 144, 44 S. Ct. 462, 68 L.Ed. 949. The later cases stress the powers given to the trustee in the instrument. So in the Morrissey case, 296 U. S. at page 357, 56 S.Ct. at page 295, 80 L.Ed. 263, the Chief Justice stated: "Undoubtedly the terms of an association may make the taking or acquiring of shares or interests sufficient to constitute participation, and may leave the management, or even control of the enterprise, to designated persons. But the nature and purpose of the co-operative undertaking will differentiate it from an ordinary trust. In what are called 'business trusts' the object is not to hold and conserve particular property, with incidental powers, as in the traditional type of trusts, but to provide a medium for the conduct of a business and sharing its gains. Thus a trust may be created as a convenient method by which persons become associated for dealings in real estate, the development of tracts of land, the construction of improvements, and the purchase, management, and sale of properties; * * *."

Many of the indicia of the business trust as referred to by the Supreme Court in the Morrissey case, 296 U.S. at page 359, 56 S.Ct. 289, 80 L.Ed. 263, are present. The trustee holds the title to the property "embarked" in the enterprise. The trustee as a continuing trustee affords uninterrupted management of the property. Management is centralized in the trust and continuity remains uninterrupted except by the death of the last surviving beneficiary or the termination of the lease. The transfer of beneficial interests to minor children of the beneficiaries is contemplated. The liability of the trustee is limited expressly to the property in its hands.

We think the facts of the case at bar present analogy to those of Swanson v. Commissioner, 296 U.S. 362, 56 S.Ct. 283, 80 L.Ed. 273. In this case two individuals acquired vacant land in the City of Chicago with the view of improving it, and placed their interests in trust to that end. The Supreme Court held their "association" to

be taxable under the provisions of Section 2(a) (2) of the Revenue Act of 1926, 44 Stat. 9, 26 U.S.C.A.Int.Rev.Code, § 3797(a) (3), substantially similar in language to the Act we are considering. See also Helvering v. Coleman-Gilbert Associates, 296 U.S. 369, 56 S.Ct. 285, 80 L.Ed. 278, and Helvering v. Combs, 296 U.S. 365, 56 S.Ct. 287, 80 L.Ed. 275.

The trustee possesses the broad powers necessary to carry on a business for profit. For example, with the consent of a majority in interest of the beneficiaries it may borrow money to construct a building upon the premises and sell at public or private sale the whole or any part of the real estate. It is our opinion that these powers transcend those of a trustee under a traditional trust. The broad powers conferred upon the trustee by the indenture were not exercised, but we think this to be immaterial. Such powers may be exercised by the trustee if necessary. We conclude that the trust is a business trust and the trustee is engaged on behalf of the beneficiaries in the handling of their real estate for profit. In short, the trustee is doing precisely that which the Marshall Land Company, a business corporation, did, and the beneficiaries associated themselves in the trust to that end.

Our conclusion is confirmed by an examination of the applicable Treasury Regulations, viz., Articles 801-(2 to 3 inclusive) of Regulations 86, promulgated under the Act of 1934, which indicate that the word "associations" includes any organization created for the transaction of business. These regulations, though considerably expanded, are not dissimilar to those published under the Act of 1924, viz., Regulations 65, Articles 1502 and 1504, as amended. It must be presumed therefore that Congress in making use of the word "associations" in the 1934 Act viewed with approval the pertinent regulations published under the 1924 Act. Morrissey v. Commissioner, supra, 296 U.S. at pages 353-355, 56 S.Ct. at page 293, 80 L.Ed. 263. It should also be pointed out that Articles 1311-1314 of Regulations 77, promulgated under the Act of 1932, are similar in tenor.

The case of Lewis & Co. v. Commissioner, 301 U.S. 385, 57 S.Ct. 799, 81 L.Ed. 1174, relied on by the petitioner, will not serve as authority in the case at bar. As was stated by Mr. Justice Sutherland in the cited case, 301 U.S. at page 387, 57 S.Ct. at page 800 81 L.Ed. 1174, the duties of the trustee

were purely ministerial and had it not been for the declaration of trust the case presented would have been " * * * the simple case of an appointment by a land owner of an agent to subdivide the land and sell it, * * *". Mr. Justice Sutherland went on to say: "It is quite evident that such an arrangement has no element of substance or method which would warrant its designation as an association under the statutory provision in question."

Accordingly the decision of the Board of Tax Appeals is reversed in so far as it provides for the assessment and collection of taxes from the petitioner for the years 1932 and 1933, but is otherwise affirmed. The cause is remanded for redetermination of the taxes due from the taxpayer.

MARIS, Circuit Judge (dissenting in part).

I concur in the decision of the Court to reverse the Board as to the years 1932 and 1933, but I should reverse as to the year 1934 also, since I cannot agree with the conclusion of my colleagues that the trust involved in this case was an association within the meaning of the Revenue Acts. The majority rely upon Morrissey v. Commissioner, 296 U.S. 344, 56 S.Ct. 289, 80 L.Ed. 263, which is undoubtedly the leading case upon the subject. In his opinion in that case, however, Chief Justice Hughes said (296 U.S. at page 357, 56 S.Ct. at page 295, 80 L.Ed. 263): "In what are called 'business trusts' the object is not to hold and conserve particular property, with incidental powers, as in the traditional type of trusts, but to provide a medium for the conduct of a business and sharing its gains." He further said with regard to a suggestion made in an argument by counsel (296 U.S. at page 360, 56 S.Ct. at page 296, 80 L.Ed. 263): "The suggestion ignores the postulate that we are considering those trusts which have the distinctive feature of being created to enable the participants to carry on a business and divide the gains which accrue from their common undertaking, trusts that thus satisfy the primary conception of association and have the attributes to which we have referred, distinguishing them from partnerships."

I do not think that the trust involved in the present case meets these tests of a "business trust." The donors did not create it in order to act together in the business of administering their land. As tenants in common immediately before the conveyance they were already jointly engaged in that enterprise. On the contrary it seems clear that they created the trust for the opposite reason, namely, in order that they might withdraw as much as possible from the administration of the land and place that responsibility upon a single trustee.

As I see it, the trust was in every respect a typically traditional one "to hold and conserve particular property, with incidental powers," as Chief Justice Hughes put it in Morrissey v. Commissioner, supra, 296 U.S. at page 357, 56 S.Ct. at page 295, 80 L.Ed. 263. The trust estate comprised a particular property which required a minimum of attention since at the time of conveyance it was subject for the entire term of the trust to a lease which provided that taxes were to be paid and repairs made by the tenant. The trustee was given only the usual powers incidental to a trust involving real estate. Aside from refinancing the mortgage and revising the lease the activities of the trustee were confined to the collection of the rents and the payment therefrom of interest and installments of principal on the mortgage, personal property taxes and its own compensation and the distribution of the balance to the four beneficiaries. In the light of the fact that the trust estate consisted of a single tract of land entirely occupied by an existing business building leased to a single department store, the powers of the trustee to borrow money to construct a building on the land and to sell the whole or any part of the trust estate lose their significance.

The majority of the court point to certain characteristics which in their view stamp the trust as a business one, but all of these are present in the ordinary type of traditional trust. Indeed I find it hard to conceive of a type of trust which would be more typically traditional and less of a business trust than this. It seems to me that under the decision of the court in this case every trust in which one or more trustees hold and administer real property for two or more beneficiaries must be held to be a taxable association and that the "traditional trust" of which the Chief Justice spoke does not exist. I cannot believe that the Revenue Acts intended any such result.