Jacob Markowitz, J.
Plaintiff moves to confirm the report of the Special Referee heretofore appointed to hear and report on the factual issues raised on defendant’s motion to dismiss the complaint. That motion was primarily based upon this court’s alleged lack of jurisdiction of the subject matter and plaintiff’s lack of capacity to sue in this State as a foreign association doing business without having filed the requisite “ Certificate of Designation ’ ’ pursuant to section 18 of the General Associations Law.
The prime issue raised is plaintiff’s characterization as a “'business trust ” within the meaning of section 18. The facts, as elicited on the hearing, are substantially undisputed. Plaintiff is an entity organized in Denmark by various associations of manufacturers of cheese to promote their products and to *183 arrange advertising and publicity therefor in this country. In addition, it sometimes performs other services, such as reporting and making recommendations on various disputes between importers of the cheeses concerned and the shippers. It has a substantial budget in excess of $250,000 per year, employees, an office and bank account in New York and an office in San Francisco. The contract sued upon was executed in New York and concerned advertising here. Based upon these facts the Special Referee found plaintiff to be doing business here and his recommendation on that point is clearly correct.
The Special Referee also recommended that the omission of a named officer from the caption of the action was a formal defect only and that plaintiff’s cross motion for leave to amend the title to correct same be granted. That recommendation is also confirmed.
But on the main issue — whether plaintiff’s failure to file the “ Certificate of Designation ” precluded its maintenance of this action — I must disagree with the Special Referee’s recommendation. The latter was predicated upon the definition of a “ business trust ” in subdivision 2 of section 2 of the General Associations Law insofar as it states, ‘ ‘ The term ‘ business trust ’ means any association operating a business under a written instrument or declaration of trust, the beneficial interest under which is divided into shares represented by certificates.” (Emphasis added.) Plaintiff does operate under a written instrument which governs, in broad outline, the relations of its members. While its members receive no direct financial benefits in the nature of dividends or a profit distribution from plaintiff (which does not have “ income ” of its own), it is clear that they indirectly receive such benefits or they would not continue to support plaintiff. Clearly plaintiff is designed to promote, directly, the business interests of its members. The purpose of the enactment of the emphasized portion of the above quote is clear from the legislative history. It was inserted ‘1 in order to exclude family or strictly private trusts from the operation of the act.” (N. Y. Legis. Doc., 1937, No. 65L, p. 8; 1937 Report, N. Y. Law Rev. Comm., p. 251.) Clearly plaintiff is not a family or private trust. “ Business trusts ” have often been defined as entities which provide a medium for the conduct of a business and the sharing of its gains (Continental Bank Trust Co. v. United States, 19 F. Supp. 15, 18 [U. S. Dist. Ct., S. D. N. Y.]; Marshall’s Heirs v. Commissioner of Internal Revenue, 111 F. 2d 935, 938). The distinction between such a trust and the customary, nonbusiness trust is that between an entity used to make profit (directly or indirectly) and one used to *184 effect a gift or transfer of property (Plymouth Securities Co. v. Johnson, 335 S. W. 2d 142, 149 [Mo.]). Pursuant to any of these tests, plaintiff clearly meets the standards of a business trust. The issue is then reduced to whether it should be excluded from the definition solely because it does not issue certificates of shares. To so hold would provide an all too obvious method of evasion of the requirements of section 18. At the least, where the subject matter of the action is within this jurisdiction and where there was continuity of substantial business here for a substantial period, escape from the requirements of section 18 is not to be thus afforded. The motion to confirm is granted to the extent above noted, but denied insofar as it recommends finding plaintiff not subject to the requirements of section 18. Accordingly, the main motion, heretofore held in abeyance, is granted, and the complaint dismissed for plaintiff’s failure to file a certificate.