OPINION OF THE COURT
Richard F. Kuhnen, J.
Defendants have moved to dismiss the complaint under CPLR 3211 (subd [a], pars 2, 7) on the ground that the court has no jurisdiction of the subject matter of the cause of action and that the complaint fails to state a cause of action.
The action was originally started in the name of the “Formula One Constructors Association”, the complaint alleging that it was a foreign corporation. A motion by defendants to dismiss for failure to obtain authority to do business in the State pursuant to subdivision (a) of section 1312 of the Business Corporation Law resulted in service of an amended complaint alleging that the statement in the *248 original complaint as to plaintiff’s status was inadvertent and that plaintiff is in fact “a voluntary association formed under the laws of the United Kingdom”. A similar objection by defendants, addressed to the amended complaint, was based on section 12 of the General Associations Law, which authorizes an action or special proceeding to be maintained by the president or treasurer of an unincorporated association; also on section 18 of the General Associations Law which requires every association doing business in the State to file in the Department of State a certificate designating the Secretary of State as an agent for service of process as a prerequisite to any action based upon a contract made in the State.
Failure to institute the action in the name of the president or treasurer “is an irregularity which may be corrected in the absence of prejudice to a right of any party” (Miller v Student Assn. of State Univ. of N.Y. at Albany, 75 AD2d 843). We find no such prejudice here and accept the new complaint which plaintiff has substituted, evidently prompted by defendants’ challenge, in the name of “Formula One Constructors Association, an unincorporated association by Bernard Ecclestone, its President”. The allegations of the new complaint do not otherwise differ in any material respect from the amended complaint and defendants have addressed to it a new and similar motion to dismiss, still based on subdivision 4 of section 18 of the General Associations Law.
The new complaint alleges that defendant corporation is a New York corporation and that the individual defendants are officers thereof, the defendant Currie, on information and belief, being the president; that pursuant to a written agreement, plaintiff agreed to perform certain work, labor and services and extend credit in connection with the 1980 Watkins Glen Grand Prix; that plaintiff has duly performed and that defendants owe plaintiff a balance of $839,000 with interest from October 18,1980. Causes of action in misrepresentation, conversion, breach of trust, and fraud of creditors are alleged. Defendants have interposed a general denial.
The affidavits and letter memoranda submitted indicate that plaintiff association, with headquarters in Surrey, *249 England, is a nonprofit organization. According to its president, Bernard Ecclestone:
“4. FOCA is an informal organization of‘constructors’ or racing teams who race on the formula one circuit throughout the world. FOCA is organized for two major purposes:
“a. To negotiate the amount of prize fund and expenses to be paid to the teams with respect to each race and,
“b. To act as a collecting and disbursing agent for the prize fund and expenses for the various member teams.
“5. All monies received by FOCA less FOCA’s actual out-of-pocket expenses are distributed to the teams. It makes no profit of its own. FOCA is an informal organization and it has no Articles of Association, By-Laws, Charter, or other such documents. It is not operated pursuant to a Declaration of Trust or similar documents.”
Assuming the truth of these assertions, is plaintiff required to file a certificate pursuant to section 18 of the General Associations Law if it wishes to continue with this action? Counsel for plaintiff argues that “Plaintiff is not required to file such a certificate because that requirement only applies to joint stock associations and business trusts as defined in the General Associations Law”. Plaintiff is evidently correct. Filing of such a certificate is required under section 18 of article 4 of the General Associations Law only of such “associations” as consist of a “joint stock association” or a “business trust”.
Plaintiff is not a “joint stock association” as it does not have “written articles of association and capital stock divided into shares” (General Associations Law, § 2, subd 1). It is not a “business trust” as it is not “operating a business under a written instrument or declaration of trust, the beneficial interest under which is divided into shares represented by certificates” (General Associations Law, § 2, subd 2). It is therefore not required to file with the Secretary of State a certificate designating him as an agent for service of process. (Denmark Cheese Assn. v Hazard Adv. Co., 33 AD2d 761, modfg 59 Misc 2d 182; see, also, Limouze v M.M.P. Mar. Advancement, Training, Educ. & Safety Program, 397 F Supp 784.)
*250 Nor is it a “foreign corporation” as defined in subdivision (7) of section 102 of the Business Corporation Law, and it is therefore not required to qualify under section 1312 of that law in order to do business in this State.
Although plaintiff’s counsel argues that it is not “doing business” in this State, it would seem that even if it were, that in itself would not require compliance with section 18 of the General Associations Law nor section 1312 of the Business Corporation Law because of the informal status under which it operates..
According to plaintiff’s president, however, although it “maintains no bank accounts, offices or employees within the State of New York”, it will nevertheless, if successful in this, suit, be a “collecting and disbursing agent” in New York of almost a million dollars. Counsel for defendants has submitted to the court a document entitled “The Concorde Agreement”, dated March 4,1981, which purports to be an agreement between the plaintiff, Formula One Constructors Association, representing “constructors” of Formula I racing automobiles, the “manufacturers” of Formula I racing automobiles, and Federation International de Sport Automobile. This contract, according to counsel, purports to settle all difficulties between the parties by spelling out the rights and obligations of each.
Counsel points out further that:
“Schedule One (1) of the contract identifies the real parties in interest to this action. That schedule sets forth ten (10) British Corporations and one (1) German Corporation who act ‘both individually and on behalf of the unincorporated body known as Formula One Constructors Association’. Each one of these eleven (11) foreign corporations are in the business of racing Formula I automobiles. Each one of these corporations has generated substantial revenue in the State of New York as a result of its annual participating in the Watkins Glen Formula I Grand Prix race. None of the corporations is authorized to do business in the State of New York in accordance with Section 1312 of the Business Corporation Law; nor has their ‘unincorporated body’ complied with the terms of the General Associations Law.
*251 “It would appear from the terms of the attached contract that Bernard Ecclestone is nothing more than an agent for eleven (11) foreign corporations and in that capacity neither he nor the Plaintiff FOCA have any authority to commence or maintain this action independent of those foreign corporations.”
If these allegations are to be credited, it would appear that the real parties in interest are foreign corporations who may well be doing business in New York State in the form of plaintiff association who, according to the agreement, does have the right to receive for itself a percentage of the prize moneys.
Nevertheless, under the present state of the law, it seems that by uniting in an unincorporated association, that association, by its president, has the right, under section 12 of the General Associations Law, to bring an action for the benefit of its foreign corporate members, in the State of New York, against New York domiciliaries, without qualifying under section 1312 of the Business Corporation Law or designating an agent for service of process in accordance with section 18 of the General Associations Law. At most, it may, be required to post security for costs pursuant to CPLR 8503. (Denmark Cheese Assn. v Hazard Adv. Co., 33 AD2d 761, supra.) If we are correct, it would seem that remedial legislation may be called for.
Under the circumstances, although the court has decided to deny defendants’ motion to dismiss the complaint, it will grant defendants’ motion to compel plaintiff, admittedly composed of nonresidents, to post security for costs, in an amount of $1,500, pursuant to CPLR 8503.