A. A. LEWIS & CO. ET AL. *v.* COMMISSIONER OF INTERNAL REVENUE.

No. 743.   Argued April 30, 1937.—Decided May 17, 1937.

*Mr. Franz W. Castle,* with whom *Messrs. Emmett J. McCarthy, Howard R. Brintlinger,* and *Robert F. Carey,* were on the brief, for petitioners.

*Mr. Andrew D. Sharpe,* with whom *Solicitor General Reed, Assistant Attorney General Morris,* and *Messrs. Sewall Key* and *Ellis N. Slack* were on the brief, for respondent.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

On January 3, 1934, the Commissioner of Internal Revenue assessed a deficiency of income taxes for the year

1931 against petitioners in the sum of $512.30. The Board of Tax Appeals, upon petition and after hearing, determined that there was no deficiency. Upon review, the court below, without opinion, reversed the decision of the Board of Tax Appeals.

The case involves the relations of petitioners under a declaration of trust and an agreement attached thereto. And the question for decision is whether the trust constitutes an association, to be taxed as a corporation, within the meaning of § 701 (a) (2) of the Revenue Act of 1928, which provides that, when used in the act, "The term 'corporation' includes associations, joint-stock companies, and insurance companies." The commissioner, whose action was affirmed by the lower court, ruled that upon the facts stated below there was a taxable "association" within the reach of this statutory provision. The Board of Tax Appeals held to the contrary.

Minerva S. Melidones, hereafter called the grantor, in 1925, in order to subdivide and sell a tract of land which she owned, made the declaration of trust here in question, placing the title in the predecessor of the Central Republic Trust Company, as trustee for the use and benefit of herself and A. A. Lewis, both of whom signed the instrument as beneficiaries. The trustee was given power to deal with the real estate so far as the public was concerned, but was to do so only in accordance with the agreement attached to the trust instrument. That agreement, bearing the same date as the declaration of trust, was executed by the grantor, Lewis and the trustee. The grantor, by the agreement, appointed Lewis, an experienced real-estate operator, as exclusive selling agent and as "manager of the trust created by said deed in trust and trust agreement aforesaid"; and he was given "such powers and duties in connection with the administration of the trust as may be necessary to facilitate the sale of the said land." He was authorized to exercise management and control of the property for the purposes of sale;

at his own expense to employ a sales organization; to enter into contracts with purchasers as manager of the trust; and to request the trustee to execute deeds and other necessary instruments. Contracts were to be made, and title was to be conveyed by the trustee to purchasers, upon Lewis' written directions. He was to receive as sole compensation for his services commissions based upon the price for which the lots in the subdivision were sold. The trustee was to collect and distribute payments after the initial payment; but was to have nothing to do with the sales of lots or negotiations relating thereto.

The grantor subsequently assigned her beneficial interest in the trust to Benjamin Schwartz, to which his estate has succeeded as sole beneficiary. The trust instrument provides that transferrable certificates may be issued by the trustee; but none was ever issued.

If it were not for the declaration of trust, we should have here the simple case of an appointment by a land owner of an agent to subdivide the land and sell it, receiving as compensation for his services a fixed percentage of the payments made by the purchasers. It is quite evident that such an arrangement has no element of substance or method which would warrant its designation as an association under the statutory provision in question. Nor can we see that the intervention of a trustee to hold title, execute contracts and conveyances at the direction of the real-estate agent and make collections alters the situation.

The question recently has received full consideration in *Morrissey* v. *Commissioner,* 296 U. S. 344, and three other cases which immediately follow in the same volume.* The trust reviewed in the *Morrissey* case was essentially unlike that now under consideration. There,

---

* *Swanson* v. *Commissioner,* 296 U. S. 362; *Helvering* v. *Combs,* 296 U. S. 365; *Helvering* v. *Coleman-Gilbert Associates,* 296 U. S. 369.

the trust was a medium for the carrying on of a business enterprise by the trustees and participation in the profits by numerous beneficiaries whose interests were represented by transferrable share certificates, thus permitting the introduction of new participants without affecting the continuity of the plan. The certificates represented both preferred and common shares. We pointed out that the corporate analogy was evidenced by centralized control, continuity and limited liability, as well as by the issue of transferrable certificates; and we said (p. 356) that the word "association" implies associates. "It implies the entering into a joint enterprise, and, as the applicable [departmental] regulation imports, an enterprise for the transaction of business. This is not the characteristic of an ordinary trust—whether created by will, deed, or declaration—by which particular property is conveyed to a trustee or is to be held by the settlor, on specified trusts, for the benefit of named or described persons. Such beneficiaries do not ordinarily, and as mere *cestuis que trustent,* plan a common effort or enter into a combination for the conduct of a business enterprise."

The arrangement here answers the foregoing description of an ordinary trust—that is, it was created in virtue of a declaration by which a designated piece of real property was conveyed to the trustee on specified trusts, for the benefit of definitely named persons, one of whom was the grantor of the land and the other an agent of the grantor for the sole purpose of subdividing and selling the land. The agent was designated by name, and his powers definitely fixed in advance of their exercise. He possessed no authority beyond that expressly delegated by his principal. The trust was adopted merely as a convenient means of making effective the sales of the agent under the contract. The duties of the trustee were purely ministerial, with no power to control, direct, or

participate in, the conduct of the selling enterprise contemplated by the contract. There is to be found in the operation of the business no essential characteristic of corporate control—nothing analogous to a board of directors or shareholders, no exemption from personal liability, no issue of transferrable certificates of interest. There is simply the common relation of principal and agent, coupled with the collateral incidents of an ordinary trust. We are not able to find in the situation an "association" within the meaning of the statute under consideration, because there are no associates and no feature "making [the trust] analogous to a corporate organization." 296 U. S. at p. 359.

*Judgment reversed.*