*165 OPINION.
Hill :
Respondent has determined that petitioner is an association taxable as a corporation, and has computed the deficiency on that, basis. Petitioner assigns such action as error.
The Revenue Act of 1932, in section 13, levies a tax upon the net income of corporations, and in section 1111 (a) (2), provides that “the term ‘corporation’ includes associations, joint-stock companies, and insurance companies.”
*166 Neither the facts nor the parties suggest that petitioner is a joint-stock company or an insurance company, and obviously it is not. The sole question is whether it is an “association” within the meaning of the quoted statute.
The Supreme Court of the United States, in Hecht v. Malley, 265 U. S. 144, defined the word “association” as used in the revenue acts in the following language:
The word “association” appears to be used in the Act in its ordinary meaning. It has been defined as a term “used throughout the United States to signify a body of persons united without a charter, but upon the methods and forms used by incorporated bodies for the prosecution of some common enterprise.”
In the cited case, the Court held that the Hecht Real Estate Trust was an association taxable as a corporation, saying:
The Hecht Real Estate Trust was established by the members of the Hecht family upon real estate in Boston used for offices and business purposes, which they owned as tenants in common. It is primarily a family affair. The certificates have no par value; the shares being for one-thousandths of the beneficial interest. They are transferable; but must be offered to the trustees before being transferred to any person outside of the family. The trustees have full and complete powers of management; but no power to create any liability against the certificate holders. There are no meetings of certificate holders; but they may, by written instrument, increase the number of trustees, appoint a new trustee if there be none remaining, modify the declaration of trust in any particular, terminate the trust, or give the trustees any instructions thereunder.
That the trust involved in the case at bar is distinguishable from the Hecht trust in many vital respects is at once apparent. In the case under consideration the beneficiaries did not establish a trust for the management of properties owned by them as tenants in common. They did not associate themselves together for the prosecution of a common enterprise; they did not create an “association” upon the methods and forms used by corporations; they had no part in establishing the trust, and were without power to modify the trust agreement or to terminate the trust. The trust, irrevocable by its terms, was established by Harry E. Lyman, who was himself in no event a beneficiary. The primary purpose of the grantor was to provide “for the maintenance, welfare, comfort and happiness” of his wife, son, and daughter, and grandchildren, if any. It was the method selected by him for the making of gifts for the benefit of those who were the natural objects of his bounty.
The trust is not operated in essential respects according to corporate forms of management. The beneficiaries as such, have no control over the affairs of the trust. The trustees were all designated by the grantor, except only that after his death the son and daughter might select an additional trustee to serve at their pleasure.
*167 No stock certificates or certificates of beneficial interest, transferable or nontransferable, are provided by the trust instrument. Title to all trust properties is vested in the trustees, subject to the execution of the trusts, and the net income is not distributable upon the basis of capital contributions of the respective beneficiaries. While the periodical distribution of the net income is mandatory under the terms of the trust agreement, the manner and proportion of distribution during the grantor’s lifetime are matters within the discretion of the trustees. After the grantor’s death, the manner and proportion of distribution are fixed by the trust instrument.
Neither the principal nor income of the trust estate is liable for the debts of the beneficiaries, and no beneficiary has any power to sell, assign, encumber or otherwise anticipate or dispose of his or her interest in the corpus or income, prior to its actual receipt.
A trust established by the owners of property who voluntarily associate themselves together for the purpose of holding and operating the property for business purposes and according to corporate form is materially different from a trust such as we are dealing with here. The fundamental distinction is clearly indicated in the following extract from the opinion of the court in Blair v. Wilson Syndicate Trust, 39 Fed. (2d) 43:
* * * A distinction is to be made between an agreement between individuals in the form of a trust and an express trust created by an ancestor, although they may have some features in common. The controlling distinction is that one is a voluntary association of individuals for convenience and profit, the other a method of equitably distributing a legacy or donation. Congress has recognized this distinction, classing the former as associations, to be taxed as corporations, and at the same time providing for a separate and distinct method of taxing the income of estates and trusts created by will or deed, classing them together for that purpose.
In Morrissey v. Commissioner, 296 U. S. 344, it is pointed out that the term “association” implies associates, who enter into a joint enterprise for the transaction of business and the sharing of its gains. The principal additional characteristics of such an association are stated to be, (1) vesting in the trustees title to the property embarked in the undertaking; (2) designation of the trustees as a continuing body; (3) centralized management; (4) security of the enterprise from termination or interruption by the death of the owners of the beneficial interests; (5) transfer of beneficial interests without affecting continuity of the enterprise, and the introduction of large numbers of participants; and (6) limitation of the personal liability of the participants to the property embarked in the undertaking. To, the same general effect, see also Swanson v. Commissioner, 296 U. S. 362; Helvering v. Combs, 296 U. S. 365; Helvering *168 v. Coleman-Gilbert Associates, 296 U. S. 369; Lewis & Co. v. Commissioner, 301 U. S. 385; Vernon J. Bert, Trustee, 34 B. T. A. 805.
When viewed in the light of the essential attributes above enumerated, we think it is plain that the trust in the present case does not fall into the classification of associations taxable as corporations.
The facts of the instant case, in all material aspects, are similar to Guitar Trust Estate, 25 B. T. A. 1213; affirmed on this point at 72 Fed. (2d) 544. On authority of the decisions cited, we hold that petitioner is not an association taxable as a corporation. Respondent’s determination is reversed.
Apparently all tax due at the rates applicable to a fiduciary has been paid either by the trustees or beneficiaries. In any event, respondent has not determined, nor is he here claiming, any deficiency in tax due from petitioner as a fiduciary.

Judgment will be entered for the petitioner.