## ROSS LEWIS TRUST v. COMMISSIONER OF INTERNAL REVENUE.

### No. 1969.

Circuit Court of Appeals, Tenth Circuit.

March 26, 1940.

A. D. Quaintance, of Denver, Colo., and H. O. Glasser, of Enid, Okl. (E. B. Evans, of Denver, Colo., on the brief), for petitioner.

Milford S. Zimmerman, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Edward H. Hammond, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

We have here for consideration the question whether the Ross Lewis Trust has the essential characteristics of an association and is engaged in carrying on a business for profit and thus falls within the applicable revenue statutes in force, providing for the taxation of corporations. The applicable statutes are § 1111, Revenue Act of 1932, Ch. 209, 47 Stat. 169, 289, and § 801, Revenue Act of 1934, Ch. 277, 48 Stat. 680, 771, 26 U.S.C.A. Int.Rev.Acts.

On the 6th day of April, 1932, declarants, John Ross and Sarah E. Lewis, executed a declaration of trust, which in substance provided that they would convey to John Ross, as trustee, certain described property then owned by them individually, for the purposes set forth in the trust. The property generally consisted of ranch property and some rental houses. The agreement provided that the property conveyed to the trustee, together with all cash, stocks, securities and property acquired by him, and the proceeds, income, profits, increases and surplus thereof, should become and constitute the trust estate, to be held, controlled, managed and disposed of from time to time by the trustee for the benefit of the holders of the beneficial interests. The

trust estate was divided into 160 beneficial interests. Certificates were issued to each of the holders of beneficial interests in accordance with the number of shares held by each. Power was given to the trustee to manage, handle, pledge, hypothecate, control, deal with, mortgage, invest, reinvest, improve and preserve the assets of the estate. The trustee also possessed power to bargain, sell, convey and dispose of any of the trust property. The proceeds arising from the disposition of any trust property became subject to the trust. The instrument provided that the trustee should hold the legal title to the trust estate and have the absolute control, management and disposition of the same and the control of all business engaged in, to the same extent as a natural person might or could.

It was further provided that neither the trustee nor holders of beneficial interests should be personally liable to any extent. Out of the surplus net earnings from the business of the preceding year, the trustee was required in the month of January of each year to declare and pay to the holders of beneficial interests, in proportion to their holdings and to the extent of the cash on hand, dividends which in the judgment of the trustee might be distributed without prejudice to the best interest of the trust estate.

It was also provided that beneficial interests should be considered as personal property and should pass on the death of the holder as other property, and that the death of a holder should in no way affect the continuance of the trust. The duration of the trust was fixed in the instrument. The instrument further provided that the corpus of the trust estate and all the rents, issues and profits arising therefrom should be charged with the payment of $1,200 a year to Sarah E. Lewis, Mary C. Ross and John Ross, so long as each of said parties shall live, payable at the rate of $100 a month, and that in the case of the death of any of said parties, preference in their share should cease; that the trustee may from time to time apply such moneys as he may have on hand, either from the body of the trust estate or from the profits, to the payment of said beneficial payments, and may borrow money for such purpose. It was provided that in the event of the death of the trustee, the holders of beneficial interests should elect a qualified, competent successor. Provision was also made for the transfer of beneficial interests, and for the removal of the trustee in the event of his mismanagement or neglect.

In Morrissey et al. v. Commissioner, 296 U.S. 344, 56 S.Ct. 289, 80 L.Ed. 263, the Supreme Court analyzed the word "association" as included in the term "corporation" in the applicable revenue statutes. The court did not in that case establish an absolute yardstick by which all such associations are to be measured. The court there stated that when certain attributes, analogous to those possessed by a corporation, are present, the trust is to be regarded as a business association within the meaning of the term "corporation" as used in the applicable revenue statute. The attributes are defined by the court as being:

1. A continuing entity throughout the trust period; 2. Centralized management; 3. Continuity of the trust, uninterrupted by death among the beneficial owners; 4. Means for transfer of beneficial interests; and, 5. Limitation of personal liability of participants to property embarked in the undertaking.

Clearly, the trust under consideration falls within the decision of the Supreme Court in the Morrissey case, supra. All of the elements discussed by the Supreme Court in that case are present here. Here we have more than the traditional type of trust, where property is conveyed for a specific purpose to a trustee, with incidental powers. The arrangement for the operation of the ranch and rental properties under the trust clearly contemplates a business enterprise. The trustee is given broad discretionary powers in the handling and managing of the property, also in the sale, investment and reinvestment thereof. The trust speaks throughout of profits to be made and to be divided. The trust contemplates a continuing and going business for the duration of the life of the trust.

It is argued that while the powers conferred may be broad enough to constitute a business trust, nevertheless the fact is that these powers have not been exercised and that the use of the trust property has been restricted. Conceding, without deciding, that this is the test to be applied, the answer must be the same. Here a business enterprise was actually carried on. The trustee did more than collect the rents. He made repairs and replacements and reconstructed certain of the buildings. From time to time he made sales of properties belonging to the trust estate. Actually a

business enterprise was carried on under the powers conferred in the trust instrument.

Lewis & Co. v. Commissioner, 301 U.S. 385, 57 S.Ct. 799, 81 L.Ed. 1174, upon which appellant relies, is not in point. There the owner of a single piece of real estate desired to subdivide it into tracts and sell and dispose of it. To facilitate this plan, the property was conveyed in trust to a trustee, who was empowered only to make conveyances upon direction of the owner and to divide the proceeds from sales between the owner and the real estate agent entitled to a commission. No powers of management or operation were conferred upon the trustee. The trust did not contemplate carrying on a business. It concerned itself primarily with the sale of a single piece of property. The trust there was totally unlike the trust in the case under consideration.

The decision of the Board of Tax Appeals is affirmed.