COOPERATIVE POWER PLANT, PETITIONER, *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket No. 95291.   Promulgated May 15, 1940.

*J. Howard Reber*, *Esq.*, *Clarence L. Turner*, *Esq.*, *Ellsworth C.
Alvord*, *Esq.*, and *Floyd Toomey*, *Esq.*, for the petitioner.
*Brooks Fullerton*, *Esq.*, *C. L. Orpin*, *C. P. A.*, *Murray Raffe*,
*C. P. A.*, and *A. O. Barth*, *C. P. A.*, for the respondent.

1144

1146

**1148**

[black rectangle]

OPINION.

DISNEY: While the question whether an enterprise is an association taxable as a corporation must in the final analysis rest upon the peculiar facts involved, *John J. Raskob,* 37 B. T. A. 1283; *Commissioner* v. *Horseshoe Lease Syndicate,* 110 Fed. (2d) 748, certain characteristics of an association are set forth in decisions of the Supreme Court. There is no absolute rule by which the question can be determined. In *Morrissey* v. *Commissioner,* 296 U. S. 344, (a) centralized management, (b) continuity throughout the period of the trust without interruption by death of a participating member, (c) provision for transferring beneficial interests, and (d) limitation of personal liability of the participants to their capital investment were found to be sufficient to classify the trust involved as an association. The Court said that the object of a business trust is "to provide a medium for the conduct of a business and sharing its gains" and that the term association implies resemblance of corporate form, not identity. The powers conferred by the instrument creating the enterprise determine its character, *Lee H. Marshall Heirs,* 39 B. T. A. 101, and the purpose of the venture is "probably the most important single fact." *Cleveland Trust Co., Trustee,* 39 B. T. A. 429; *Del Mar Addition,* 40 B. T. A. 833. It has been said that the real test is whether the enterprise "more nearly resembles in general form and mode of procedure a corporation than a partnership." *Bert* v. *Helvering,* 92 Fed. (2d) 491. The resemblance to one form or another should be balanced to test the character of the venture. *Commissioner* v. *Brouillard,* 70 Fed. (2d) 154. The petitioner contends that the enterprise in controversy resembles a partnership or joint venture and in no respect resembles a corporation.

Respondent argues that petitioner was a "live business organization", in "reality a power company in the form of an association." Petitioner, without extended discussion of the point, contends that the business purpose test is applicable only in distinguishing pure trusts

from business trusts. An enterprise may be engaged in business, yet lack the features necessary to make it analogous to a corporation. *Lewis & Co.* v. *Commissioner*, 301 U. S. 385. The three corporations entered into a joint arrangement for supplying such steam, electricity, etc., as each required in connection with the operation of its manufacturing business. No provision was made for supplying the service to others at cost or any other price, and none was furnished. Such business as petitioner performed was carried on as a department of the three corporations which had formed it. It had no business distinct from the corporations for whose sole account it was operated. Obviously it was not a power company engaged in furnishing service to the public.

The purpose of the venture was to supply the service to the three corporations at cost, no profit being contemplated. The service furnished the three corporations was measured and, except from 1916 to 1926, inclusive, was first charged to the recipients at rates estimated to recover the cost of production, and then adjustments were made on the basis of cost by making refunds for overcharges or collecting additional amounts for undercharges. During the years 1916 to 1926, inclusive, the three corporations purposely made overcharges for service to build up a reserve fund out of which to construct a new power plant. Refunds were made, not upon the basis of the capital investment of the respective corporations, but proportionate to the service received. By this arrangement no participating corporation could benefit by refunds at the expense of any other participant. Such gain as the three corporations derived from the venture was only through savings in the cost of their requirements of electricity, steam, etc. They realized no gain from dealings with other corporations or individuals. Thus gain, as the term is generally understood, was not an object of the cooperative arrangement.

The petitioner had earnings from investments made of funds in the reserve account maintained for charges paid by the three corporations for service in excess of cost of production. The assessments made in excess of cost did not constitute gain for more than bookkeeping purposes. The amounts represented indebtedness, and therefore a liability. *Valley Waste Disposal Co.*, 38 B. T. A. 452; *Uniform Printing & Supply Co.* v. *Commissioner*, 88 Fed. (2d) 75. The fact that the three corporations deducted the excess charges as ordinary and necessary business expenses, thereby decreasing their income tax liability, is not material in this proceeding.

In *Morrissey* v. *Commissioner, supra*, the Court said that "A corporation, as an entity, holds the title to the property embarked in the corporate undertaking." See *Commissioner* v. *Whitcomb Coca-Cola Syndicate*, 95 Fed. (2d) 596. The power plant was owned by Textile and at all times material was under lease to the three corporations,

who also held title to the equipment in the plant. The proceeds of a sale or other disposition of the equipment were payable to the three corporations, not petitioner.

The agreement of May 1, 1914, made no provision for the issuance of certificates of beneficial interest or any other evidence of interest in petitioner. Neither did the agreement provide for assignment. The agreement was binding on the participating corporations for a period of ten years and for two additional terms of five years each, unless by written notice, given at least one year prior to the expiration of the current term, a participant elected to withdraw. Withdrawal by any corporation did not entitle it to receive any amount for its interest in the equipment of the power plant prior to the termination of the agreement, except at the option of the remaining corporations. Provisions of that sort generally appear in articles of copartnership and have no place in corporate organizations.

There was no centralized management here analogous to a corporation. Directors of corporations are elected by stockholders and are subject to removal by them, acting collectively. Here each corporation appointed one of its officers to represent it in the management of the power plant. A majority vote of the three representatives so selected determined all questions involved in the operation of the plant. Each representative was subject to the control of, and subject to removal at will by, his corporation. The representation was several, not joint. Each representative was nothing more than the agent of his principal, not the agent of the group of corporations. See *C. A. Everts*, 38 B. T. A. 1039.

Provision was made in the agreement of May 1, 1914, for the continuity of the undertaking for a definite period of years, but bankruptcy or other termination of the existence of the three corporations in the meantime would have necessarily brought an end to the arrangement made for the operation of the power plant. We find nothing in the agreement under which the three corporations limited their liability. They undertook to pay the cost of the service and their agents had broad powers of management which included authority to contract for the necessary equipment and material to produce the service. As between the corporations there can be no doubt about the liability of the corporations for debts incurred in the venture according to the amount of service received. The three corporations, as principals, were liable for any obligations created by their agents, irrespective of their capital investment in the venture. Upon review of all of the evidence, we hold that the petitioner was not an association taxable as a corporation. Accordingly,

*Decision will be entered for the petitioner.*