WYMAN BUILDING TRUST (#1), ARTHUR M. WYMAN AND ALBERT W. ROCKWOOD, TRUSTEES, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

WYMAN BUILDING TRUST (#2), ARTHUR M. WYMAN AND ALBERT W. ROCKWOOD, TRUSTEES, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 104238, 104239.    Promulgated September 18, 1941.

*Benjamin C. Perkins, Esq.*, for the petitioners.
*Davis Haskin, Esq.*, for the respondent.

OPINION.

MURDOCK: The Commissioner determined deficiencies as follows:

| Petitioner | Docket No. | Period | Income tax | Excess profits tax |
|---|---|---|---|---|
| Wyman Building Trust (#1) | 104238 | 1/1 to 6/30/37 | $1,308.52 | $1,696.51 |
| Wyman Building Trust (#2) | 104239 | 7/1 to 12/31/37 | 343.15 | |

The principal issue for decision is whether these trusts were associations taxable as corporations, and a secondary issue is whether trust (#1) was subject to excess profits tax. The parties have filed a stipulation of facts which the Board adopts as its findings of fact.

Louis A. Wyman acquired property in Boston, Massachusetts, in 1912 and erected a building thereon in 1913. He executed a declara-

tion of trust in 1913 which provided that he should hold the property in trust for himself and five other beneficiaries in stated proportions, rent the property, and pay over the net proceeds to the beneficiaries. The trust was to terminate on July 1, 1917, but could be extended by consent of the beneficiaries. The declaration of trust was never recorded. Louis A. Wyman died on July 6, 1917.

The Board makes the following findings from the oral testimony. Louis E. Wyman, a son of Louis A., was an attorney. The question of what should be done with the trust property was submitted to him following the death of his father. He concluded that legal title to the property was in the heirs of his father and the beneficiaries of the 1913 trust were beneficial owners. He prepared the Wyman Building Trust (#1) so that the heirs of his father could transfer the property in trust for the beneficial owners and thus provide an effective agency to lease the property and distribute the rents to those entitled to receive them.

Trust (#1) continued until July 1, 1937, when the beneficiaries declared trust (#2). These trusts were substantially identical, except for dates. Only one property was involved in the three trusts. It was rented to the same tenant at the same rental at all times material hereto. The lessee was required to pay all expenses, taxes, and repairs. The trustees merely executed and extended the leases and collected and distributed the rents.

One important element in deciding whether a trust is taxable as a corporation is its form—does it resemble a corporation? *Morrissey* v. *Commissioner*, 296 U. S. 344; *Sears* v. *Hassett*, 111 Fed. (2d) 961. This trust does bear some resemblance to a corporation in form. But that circumstance is not necessarily determinative, "it must also have been created as a joint enterprise for the carrying on of a business and sharing its gains, as distinguished from the mere holding and conserving of particular property, with incidental powers, as in the traditional type of trusts." *Sears* v. *Hassett, supra.* These trusts were not intended or permitted to deal with other than a single piece of property. They could not deal with the property generally. Their only purpose was to provide a convenient authority for executing and extending the leases on behalf of a more cumbersome group of beneficial owners and for receiving and distributing the rent. There was no larger purpose to engage in business or to deal with the property in other ways. Cf. *Sears* v. *Hassett, supra.* The lessee paid all expenses, including taxes and repairs. There was no change in the lessee or the provisions of the leases. The only change in beneficiaries was caused by death. The trusts were for definite, short terms. Some of these circumstances may be fortuitous and of little or no significance, but the case is as strong for the taxpayer as some

other recent ones. Cf. *Commissioner* v. *Gibbs-Preyer Trusts*, 117 Fed. (2d) 619, affirming 39 B. T. A. 492; *Cleveland Trust Co.* v. *Commissioner*, 115 Fed. (2d) 481; certiorari denied, 312 U. S. 704; *Lewis & Co.* v. *Commissioner*, 301 U. S. 385.

The *Sears* case, *supra*, is distinguishable. The court looked at the entire purpose and history of the Sears trust and saw that it had a broad purpose and extensive powers to deal with a number of properties to the best advantage of the beneficial owners for an indefinite time. Here the purpose and powers as set forth in the instruments were much more limited.

*Decision will be entered for the petitioners.*