*159 OPINION.
Murdock:
This trust was not intended “to provide a medium for the conduct of a business and sharing its gains.” Cf. Morrissey v. Commissioner, 296 U. S. 344; Mortgage Trust Certificate Pool, 42 B. T. A. 1238. It was not to carry on any business of its own or to make profits for the holders of beneficial interests. Its purpose was merely to serve the convenience of the partnership by holding the real estate and receiving only enough rent to pay its expenses and meet the obligation of the mortgage. Cf. Kingkade Hotel Co. v. Jones, 30 Fed. Supp. 508; appeal dismissed, 108 Fed. (2d) 1015; Cooperative Power Plant, 41 B. T. A. 1143. That is all it ever did and during these taxable years it was not an association taxable as a corporation. Cf. Commissioner v. Gibbs-Preyer Trusts Nos. 1 and 2, 111 Fed. (2d) 619, affirming 39 B. T. A. 492; Lewis & Co. v. Commissioner, 301 U. S. 385. This case is distinguishable from Sears v. Hassett, 111 Fed. (2d) 961, by the fact, already mentioned, that it was not “created as a joint enterprise for the carrying on of a business and sharing its gains” but was merely to hold and conserve a particular property, with incidental powers, as in the traditional type of trusts.

Decision will be entered under Pule 50.