HUGH MACRAE LAND TRUST, R. M. SHEPPARD, JULIAN W. MORTON, AND R. O. CROCKETT, TRUSTEES, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 108797. Promulgated April 13, 1943.

*R. O. Crockett, Esq.*, for the petitioners.
*L. W. Creason, Esq.*, for the respondent.

900

OPINION.

HARRON, *Judge:* The question is whether the trust is an association taxable as a corporation. Each party contends that the criteria laid down by *Morrissey* v. *Commissioner*, 296 U. S. 344,[1] support his respective claim.

The beneficiaries of the trust were the fee owners of interests in a tract of land which originally was jointly owned by three persons, through whom almost all of the trust beneficiaries received their interests. To make the tract of land attractive to a coal mining company, they pooled their interests by placing them in a trust for the sole purpose of negotiating a lease of the entire tract to the coal company and to receive their royalties through the agency of a trustee. The trust instrument evidences no intention to actively engage in a business and contains a clause prohibiting the trustees from carrying on coal mining operations. The purpose of the owners was to dispose of the underlying coal through the instrumentality of a lease to the Page-Pocahontas Coal Corporation in consideration for the payment of royalties on coal mined. The coal company would not have entered into a lease of the tract of land unless the several owners of interests, some of which were small, pooled their interests in a trust for obvious practical reasons, chiefly because of the complexity of paying royalties directly to the several owners of interests or to their heirs, in the event of death, because of the difficulties of negotiating separate and multiple leases directly with the various owners and the legal complexities which would arise upon the death of the various owners. The tract of land had to be dealt with as a whole to make any coal mining operations practical. The

---

[1] See also, *Helvering* v. *Coleman-Gilbert Associates*, 296 U. S. 369; *Helvering* v. *Combs*, 296 U. S. 365; *Swanson* v. *Commissioner*, 296 U. S. 362.

purpose of the trust was to effect the lease. The trustees executed the lease with the approval of the beneficiaries. Thereafter, the only activities carried on by the trustees were to hold legal title to the property, to receive the royalties, to ascertain that the royalties due under the lease were paid, to keep records, and to distribute the net receipts to the beneficiaries after deducting the nominal 5 percent for trustees' commission and necessary expenses. In other words, the trustees were to do no more than collect income earned by property under the operation of the lessee and distribute it to the beneficial owners of the property. The lessee was the entity which engaged in economic activity for profit. The function of the trust and the trustees was not of such character as to constitute the carrying on of a business enterprise for profit.

"The mere receipt of income from leased property and its distribution to *cestuis que trustent* amounts to no more than receiving the ordinary fruits that arise from the ownership of the property and does not constitute doing business." *Cleveland Trust Co.* v. *Commissioner*, 115 Fed. (2d) 481, 483; certiorari denied, 312 U. S. 704. As in the *Cleveland Trust Co.* case, the trustees were not holding and operating property for profit. See also, *Commissioner* v. *Gibbs-Preyer Trusts Nos. 1 & 2*, 117 Fed. (2d) 619; *C. A. C. Building Site* v. *Commissioner*, 119 Fed. (2d) 420; *Wyman Building Trust (#1)*, 45 B. T. A. 155; *Lewis & Co.* v. *Commissioner*, 301 U. S. 385; *Trust No. L. B. 791 A*, 1 T. C. 726. Cf. *Nashville Trust Co.* v. *Cotros*, 120 Fed. (2d) 157.

The facts do not support respondent's view that the trust was created for the purpose of mining and selling coal. Also, the trust was not created to sell real estate. In 1936 the trustees sold a right of way to a utility company and a right of way to a railroad company, but those transactions were special and the trust does not contemplate any other similar transactions. Under the lease to Page the lessee is given the right to transport coal mined across the leased premises; it is given limited surface privileges necessary to use in mining, including the right to erect inclines, slopes, tipples, houses for employees, power houses, lines for the transmission of electric power, and the privilege of building, maintaining, and operating tramways, railroads, and other roads; and the lease was to become void if at the end of three years no standard gauge coal-carrying railroad was constructed to the premises. Under the trust instrument the trustees were given authority to sell or grant rights of way for railroad and public utility companies. That was, clearly, to enable the trustees to perform the necessary legal grants requisite to the lessee's carrying out the terms of the lease.

The issuance of trust certificates, or certificates of interest, to the grantors of the trust was strictly in proportion to their ownership of interests in the tract of land and facilitated their receiving royalties in

proportion to their interests as *cestuis que trustent*. The trust instrument stated that the grantors of the trust were the beneficial owners of the real estate, and coal and mineral rights in stated proportions, which represented the respective interests which were derived from the original three joint owners of the tract through inheritance and gift, and the trust certificates, issued at the rate of one share for each acre of property, were issued in the identical proportions. The use of trust certificates as the formal evidence of interests in a trust and rents and royalties which may accrue from property owned by the trust are not the test of an association. *Morrissey* v. *Commissioner, supra.*

The trust was intended to have a life contemporaneous with the life of the lease to Page.

The situation presented here resembles that in *Lewis & Co.* v. *Commissioner, supra*, in that if it were not for the declaration of a trust, there would have been the simple case of owners of land appointing an agent to make a lease and collect royalties for the owners of the fee interests, receiving as compensation for its services a fixed percentage of the royalties. The trustees were a conduit through which the income earned by the leased premises flowed to the owners thereof. It is held that the trust is not an association taxable as a corporation.

*Decision will be entered for the petitioners.*