**STATE NAT. BANK OF EL PASO, TEX., v. UNITED STATES.**

Civil Action No. 280.

District Court, W. D. Texas, El Paso Division.

Feb. 19, 1944.

Paul D. Thomas, William Flournoy, and A. R. Grambling, all of El Paso, Tex., for plaintiffs.

Ben F. Foster (at time of trial United States Attorney, of San Antonio, Tex., since resigned), and his assistants at El Paso, Tex., for defendant.

BOYNTON, District Judge.

Plaintiff, The State National Bank of El Paso, Texas, as Trustee of Pecos County Trust Estate, brings suit and action herein against defendant, United States of America, for refund of income taxes paid, recovery of income taxes, on assessments made and collected by defendant of and from plaintiff for the years 1939 and 1940, assessed by the Commissioner of Internal Revenue against plaintiff as a "corporation" or "association", as an entity, paid under protest, plaintiff contending it was subject to income only as a "trust" and not as a "corporation" or "association" under provisions of the Internal Revenue Code and Amended Regulations then in force and effect.

On trial of the case, before the Court, the parties, plaintiff and defendant, stipulated, in writing, in part, as follows:.

"A. The only issue in this case is whether or not the tax entity referred to in the pleadings during the tax years involved, that is, 1939 and 1940, was a trust taxable under Sections 161 to 170, inclusive, of the Internal Revenue Code [26 U. S.C.A. Int.Rev.Code, §§ 161 to 170], or a corporation or association as defined by Section 3797 (A) (3) of said Code, and it

is agreed that if such entity was taxable as a trust, plaintiff is entitled to recover as prayed for in its petition, and if it is taxable as a corporation or association, judgment should be for the defendant."

On consideration of the pleadings and evidence, in form of written stipulation as to facts, and oral testimony offered at the trial—the facts being uncontroverted—oral arguments of counsel at time of trial, and written briefs submitted by counsel for respective parties, the case being taken under advisement, and authorities cited in briefs, and further research and consideration by the Court of the questions and controversy involved herein; the Court has reached opinion, that under proper construction of the meaning, spirit, and intention of the definitions set forth in the Internal Revenue Code and Amended Regulations and Bulletins of the Treasury Department and the Department of Internal Revenue, defining ´for purposes of taxation "corporations", "associations", and "trusts", decisions of the Supreme Court of the United States and Circuit Courts of Appeals, interpreting, construing, and giving effect to such definitions; as applied to the Declaration of Trust here involved, naming the plaintiff, The State National Bank of El Paso, Texas, as Trustee of the Pecos County Trust Estate, the same was not executed for the purpose of doing business, the carrying on, transaction or operation of a business for profit, within the meaning and purport of definitions as set forth and contained in the Internal Revenue Code and Amended Regulations and Bulletins, defining for purposes of taxation "corporations", "associations", and "trusts"; and the Court here finds and holds same to be a Declaration of Trust merely providing for the collection and distribution of income derived from ·specific property, a particular tract, or tracts, of land, in said Declaration of Trust described, to designated beneficiaries entitled to same. Said Declaration of Trust vested no authority in the Trustee to re-invest the proceeds of sales or leases, to acquire other property or engage in business generally; merely for the transaction of business incidental only to performance of the trust prescribed. The income of plaintiff is therefore held to be of an entity taxable only as a "trust", and not income of an "association", subject to taxation on income as a "corporation". Morrissey v. Commissioner, 296 U.S. 344, 354, 56 S Ct. 289, 80 L.Ed. 263; Lewis & Co. v. Commissioner, 301 U.S. 385, 57 S.Ct. 799,

81 L.Ed. 1174; Cleveland Trust Co. v. Commissioner, 6 Cir., 115 F.2d 481; Commissioner Internal Revenue v. Horseshoe L. Syndicate, 5 Cir., 110 F.2d 748; McKean v. Scofield, 5 Cir., 108 F.2d 764; Lucas, Commissioner, v. Extension Oil Co., 4 Cir., 47 F.2d 65; Helvering v. Washburn, 8 Cir., 99 F.2d 478.

Hence, judgment and decree will be entered herein in favor of the plaintiff, against defendant, for refund of taxes so paid for the years 1939 and 1940, in amounts prayed for in plaintiff's petition. Draft of judgment may be prepared by counsel for plaintiff, and submitted the Court for consideration and entry herein.