FLETCHER et al. v. CLARK, Collector of Internal Revenue.

No. 3095.

Circuit Court of Appeals, Tenth Circuit

July 5, 1945.

Writ of Certiorari Denied Nov. 5, 1945.

See 66 S.Ct. 144.

George T. Evans, of Denver, Colo. (E. E. Wakeman, of Newcastle, Wyo., on the brief), for appellants.

John F. Costelloe, Sp. Asst. to the Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, A. F. Prescott, and Miriam Lashley, Sp. Assts. to the Atty. Gen., and Carl L. Sackett, U. S. Atty., and John C. Pickett, Asst. U. S. Atty., both of Cheyenne, Wyo., on the brief), for appellee.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

The question presented for determination is whether Standard Bentonite Company, a trust, was subject to tax as an association for the years 1940, 1941, and 1942.

The facts are not in dispute. On August 31, 1929, eighteen individuals held interests by location or purchase in one or more of six placer mining claims in Wyoming, and on that day they executed a trust instrument. It transferred the interests of such persons to three named trustees, and provided that the trustees should hold the legal title in trust for the owners of the beneficial interests therein, with full power in the trustees to manage, control, sell, lease, incumber, mine upon, operate and develop the property, contract for its development, or otherwise handle and dispose of it upon such terms as they deemed best. It gave to the trustees authority to execute deeds, leases, contracts, or other instruments. It provided that in case of the death, resignation, or disqualification, by disability or otherwise, of either of the trustees, the remaining or surviving trustee or trustees should have full power to act; and further provided that any vacancy or vacancies should be filled by the remaining or surviving trustee or trustees, with the approval of the holders of a majority of beneficial interests. It made provision for the issuance of transferable certificates of ownership of beneficial interests; fixed the life of the enterprise at twenty-five years; and provided that at the end of such period, the trustees should convey the properties to the then owners of beneficial interests. From the date of the execution of the trust instrument until 1940, the trustees did nothing except to cause to be performed the assessment work required by law to hold the claims. In 1940, the trustees entered into three separate contracts, in each of which they sold a specified tonnage of bentonite in place; and they also entered into a fourth contract for the sale of all of the merchantable deposits of bentonite within a certain area. It was provided in the three contracts that the trustees should remove the overburden, but the fourth contract did not contain such a provision. In 1941, the trustees sold certain land constituting part of the corpus of the trust. In 1942, they sold parts of two claims; and later in the year, they entered into a contract for the sale of all of the remaining corpus of the trust. The amount paid or to be paid to the trustees under the several contracts exceeded $300,000. The trust never owned any mining equipment and did not mine any bentonite.

Income and personal holding company taxes were asserted against the trust as an association for the years 1940, 1941, and 1942. The taxes were paid under protest and this suit was instituted for the recovery of a refund. The trial court sustained the validity of the taxes and entered judgment accordingly. D.C., 57 F.Supp. 479.

■ It is the contention of appellants that the income of the trust estate was subject to tax only in the manner applicable to income of individuals. Section 161(a) of the Revenue Act of 1938, 52 Stat. 447, 26 U.S.C.A. Int.Rev.Code, § 161(a), provides that the taxes imposed by the title upon individuals shall apply to the income of property held in trust; and, with exceptions which do not have material bearing here, section 162, 26 U.S.C.A. Int.Rev.Code, § 162, provides that the net income of a trust shall be computed in the same manner and on the same basis as that of individuals. But section 901(a), 26 U.S.C.A. Int.Rev. Code, § 3797 provides that the term "corporation" when used in the Act shall include associations. The salient features of an association subject to tax on the same basis as that of corporations have been blueprinted. In general, they are an undertaking for the promotion of a business purpose, continuity throughout the trust period, centralized management and control, noninterruption by death of owners of beneficial interests, means of transfer of beneficial interests, and limitation of personal liability of participants to property embarked in the enterprise. Morrissey v. Commissioner, 296 U.S. 344, 56 S.Ct. 289, 80 L.Ed. 263; Helvering v. Coleman-Gilbert, 296 U.S. 369, 56 S.Ct. 285, 80 L.Ed. 278; Commissioner v. City National Bank & Trust Co., 10 Cir., 142 F.2d 771, certiorari denied, 323 U.S. 764, 65 S.Ct. 118. These are the recognized indices for determining whether a given entity is an association subject to tax on the same basis as that of corporations. But they are not an unyielding rule of thumb. Each case must be decided by reference to its own peculiar facts, particularly whether the undertaking bears a fair resemblance to corporations.

■■ This trust did not have by-laws, seal, or minutes. Neither did it have offi-

cers, employees, or place of business, and no meetings of owners of beneficial interests were held. But the trust instrument recites one of its purposes to be convenience in handling and operating the mining claims. It recites that the persons desire to create and do create an unincorporated association. And it further recites that the persons as such association shall act and do business upon the conditions therein set forth. It provides for centralized ownership, management, and control of the property. It expressly vests in the trustees power to mine upon, operate, and develop the property. And it makes provision for succession of trustees, for continuity of existence during the trust period without interruption by the death of owners of beneficial interests, and for the issuance of transferable certificates of beneficial ownership. It fails to provide for limitation of personal liability of participants to property embarked in the undertaking, but the absence of that single indicia is not a conclusive factor under the terms of the Revenue Act, supra. Pennsylvania Co. for Insurances, Etc. v. United States, 3 Cir., 138 F.2d 869, certiorari denied, 321 U.S. 788, 64 S.Ct. 787, 88 L.Ed. 1079. The trust instrument indicates clearly a purpose to form and maintain an association as a convenient medium for the promotion of business purposes and the sharing of gains. In a case of this kind, the purpose for which the trust was organized is to be found in the instrument creating the trust. Morrissey v. Commissioner, supra; Helvering v. Coleman-Gilbert, supra; Commissioner v. City National Bank & Trust Co., supra. And the parties will not be heard to say that the purpose was different or more narrow than that set out in the instrument. Helvering v. Coleman-Gilbert, supra.

There is little room for doubt that a trust created under a written declaration of this kind for the express purpose of mining, operating, developing, and handling property, with continuity of existence, centralized management and control, succession of trustees, security against interruption by death among the owners of beneficial interests, and means for transfer of beneficial interest, is an association subject to tax in like manner to that of corporations. Morrissey v. Commissioner, supra; Helvering v. Coleman-Gilbert, supra; Commissioner v. Nebo Oil Co., Trust, 10 Cir., 126 F.2d 148, certiorari denied, 317 U.S. 636, 63 S.Ct. 27, 87 L.Ed. 512; Commissioner v. City National Bank & Trust Co., supra; Commissioner v. Security-First National Bank of Los Angeles, 9 Cir., 148 F.2d 937. The case of Lewis & Co. v. Commissioner, 301 U.S. 385, 57 S.Ct. 799, 81 L.Ed. 1174, is distinguishable. There a woman executed a declaration of trust in order to subdivide and facilitate the sale of certain land. But the duties of the trustee were purely ministerial. He had no power of control and management in the conduct of the selling enterprise contemplated by the trust. No fairly comparable situation is presented here.

Taking the position that this trust never in fact engaged in business, appellants argue that permissive but unused authority to engage in the promotion of business purposes fails to lay a sustainable basis for taxing the income as that of an association. They say that the question whether the income is subject to tax as that of an association must be determined by reference to the actual operations of the enterprise, not the permissive scope of authority granted. Strong reliance is placed upon Commissioner v. Brouillard, 10 Cir., 70 F.2d 154, to sustain the contention. That case does so hold. But it is no longer controlling on the question, as it is now well settled that the character of an organization in respect to being formed for the promotion of business purposes must be determined by reference to the terms of the declaration of trust, Morrissey v. Commissioner, supra; that parties are not free to say that purposes were other or more narrow than those set forth in the trust instrument, Helvering v. Coleman-Gilbert, supra; and that it is no escape from taxation as an association to say that all of the powers granted were not exerted in full measure, Commissioner v. City National Bank & Trust Co., supra.

The judgment is affirmed.