**MAIN STREET BANK et al. v. NEE, Collector of Internal Revenue.**

**LINWOOD SECURITIES CO. et al. v. SAME.**

**Nos. 3440, 3470.**

District Court, W. D. Missouri, W. D.

Jan. 2, 1948.

For former opinion, see 72 F. Supp. 922.

Stinson, Mag, Thomson, McEvers & Fizzell, of Kansas City, Mo. (Reece A. Gardner and G. Lee Burns, both of Kansas City, Mo., and John W. Reed, of Norman, Okl., of counsel), for plaintiffs.

Sam M. Wear, U. S. Atty., and Sam Hargus, Asst. U. S. Atty., both of Kansas City, Mo., for defendant.

REEVES, District Judge.

On June 21st of this year a memorandum opinion was filed in the above cases, 72 F.Supp. 922. In this opinion it was held that the trust arrangements in both cases were of such nature as to constitute an association contemplated by the Regulations of the Commissioner of Internal Revenue, and, as such, were taxable as corporations.

The entire case has been again reviewed. It appears from a careful re-examination of the facts and the authorities that a more serious question presented itself than the one conceived by the court at the time the memorandum opinion mentioned was filed. This requires a restatement of some of the

salient features of both the facts and the law.

In the year 1921 the plaintiffs in both cases acquired certain notes issued by property owners in Lea County, New Mexico. Such notes were secured, in part at least, by real estate situated in said Lea County, New Mexico. There was a default in the payment of such notes and the plaintiffs took appropriate steps to liquidate the security. The procedure involved foreclosure proceedings and direct conveyance so as to vest title and to make the property available for timely and prudent liquidation. To effectuate these purposes the plaintiffs selected an agent who was authorized, among other things, to take title to the property upon foreclosure or by direct conveyance. This was done, and the agent was clothed with certain specific authority, including the usual and customary powers of an agent and trustee (the latter because of the circumstance that the legal title to the property was invested in him).

Long before liquidation was completed the chosen trustee of plaintiffs deceased. In the meantime it became known to the plaintiffs that the property acquired in the foreclosure proceedings so long held by the trustee was potentially valuable for mineral oil. Following the death of the first agent and trustee new agents and trustees were appointed for the management and administration of the trust estate. Specific instructions were given to such agents and trustees by instruments, each designated as a "Declaration of Trust."

In such Declaration of Trust in the one case (No. 3440) the trustees were clothed with: "* * * full power and authority to hold, manage, lease and handle said property or any part thereof, including the right to execute leases for oil, gas and mineral rights or for grazing purposes on said property or any part thereof, and to transact any and all business incident thereto, including the right to collect all income therefrom and disburse the same."

And, in the other case (No. 3470) with: "* * * full power and control of the management and disposition of the properties herein referred to, including the right to execute on behalf of the beneficiaries, oil, gas or mineral leases and the transaction of any business incident thereto and to execute and deliver oil and gas leases and leases for grazing purposes. If differences arise among the trustees as to the disposition and sale or management and control of said properties, both real and personal, then the vote of the majority of the trustees shall control the procedure and action of such trustees in the management and disposition of said properties. The trustees herein are granted the power to execute all contracts and deeds of conveyance for the sale, disposition and conveyance thereof."

Whether during the management of these agents and trustees, or under the management of the original trustee, the properties, by reason of the discovery of oil, began to make financial returns to the agents and trustees and, through them, to the plaintiffs. The debts were liquidated and the plaintiffs received dividends or returns far above the amount of the indebtedness, so that the transactions proved profitable to the plaintiffs. Upon these profits each of the plaintiffs paid an income tax. However, the Commissioner of Internal Revenue, being of the opinion that the operations of the agents and trustees were akin to that of associations and, therefore, like corporate entities, and, that, under the revenue laws they were liable for income tax, he required returns and exacted tax on each. This was. done for the reason that by statute, 26 U.S. C.A. Int.Rev.Code, § 13(b), the term "corporation" was made to include "associations" as well as joint stock companies and insurance companies.

By duly promulgated regulations of the Commissioner, the following, among others, is pertinent: "If a trust is an undertaking or arrangement conducted for income or profit, the capital or property of the trust being supplied by the beneficiaries, and if the trustees or other designated persons are, in effect, the managers of the undertaking or arrangement, whether the beneficiaries do or do not appoint or control them, the beneficiaries are to be treated as voluntarily joining or cooperating with each other in the trust, just as do members of an association, and the undertaking or arrangement is deemed to be an association classified by the Internal

Revenue Code as a corporation. However, the fact that the capital or property of the trust is not supplied by the beneficiaries is not sufficient reason in itself for classifying the arrangement as an ordinary trust rather than as an association."

It was upon this Regulation and others that the Commissioner deemed the arrangement such as to bring the associations within the purview of the statute. As was well stated by the Court of Appeals, Sixth Circuit, in Commissioner of Int. Rev. v. Gibbs-Preyer Trusts Nos. 1 & 2, 117 F.2d 619, loc. cit. 623: "The term 'association' as used in these Acts embraces associations as they existed at common law and does not require organization under a statute or with statutory privileges. Whether a trust is an association taxable as a corporation must in the last analysis be determined by the facts peculiar to the case under consideration and in determining a taxable status, the court will take into consideration the purposes set out in the instrument creating the trust and the activities of the trustee and also of the cestuis que trustent."

This statement of the law, as a postulate, admirably points the nature of the inquiry in this case. The only question is whether the agency and trust arrangements were in fact associations for the transaction of business for profit and therefore taxable under the law.

■ 1. The point is made that the first agent, or trustee, deceased after title to the properties was vested in him. This question may be disregarded for the reason that whereas the legal title may technically have passed to the heirs of the deceased trustee, H. T. Mattern, nevertheless it became the duty of his heirs or devisees under such circumstances to care for the property or to have a new trustee appointed. Ewing v. Shannahan, 113 Mo. 188, loc. cit. 201, 20 S.W. 1065. The reason for this rule is that the legal title to the trust property cannot remain in abeyance. 65 C.J. p. 637, § 500.

■ It is familiar practice or procedure that, in a proper proceeding, the title could have been divested from such heirs and promptly placed in the names of the new trustees. However, in these cases the plaintiffs treated the title as being in them and promptly appointed new agents and trustees with full power and authority with respect to such property, as above set out. For all the purposes of these cases the title to the property continued in the plaintiffs or their selected trustees and the plaintiffs remain the equitable and beneficial owners of the property.

2. It is the contention of the counsel for the Collector that the trusteeship partook of the nature of an association by reason of the fact that provision was made in the trust for continuity of the trusteeship in the event of the death of one of the trustees. This provision, however, would have nothing to do with the management of the trust, nor will it give aid in interpreting the acts of the agents and trustees in the management of the trust property.

It will be noticed from both the Declarations of Trust, the trustees were clothed with no power to acquire other property but were clothed solely with power to manage the property in their hands and for that purpose they were empowered to execute gas and oil leases and for "the transaction of any business incident thereto." They were also clothed with power, not only to lease the property, but to convey the property and execute deeds therefor. Naturally they were clothed with power to collect income from the property "and disburse the same." It would be difficult to point out a more perfect case of a liquidating agency and trust. These are similar to the case of Crocker et al., Trustees, v. Malley, Collector of Internal Revenue, 249 U.S. 223, loc. cit. 231, 39 S.Ct. 270, 271, 63 L.Ed. 573, 2 A.L.R. 1601. Mr. Justice Holmes, whose opinion was supported by the other judges, defined the issues in that case when he said: "By the declaration of trust the plaintiffs declared that they held the real estate and all other property at any time received by them thereunder subject to the provisions thereof, 'for the benefit of the cestui que trusts * * *' upon trust to convert the same into money and distribute the net proceeds to the persons then holding the trustees' receipt certificates—the time of distribution being left to the discretion of the trustees, but not to be postponed beyond the end of

twenty years after the death of specified persons then living."

Clearly, the Crocker-Malley case was more nearly akin to a corporation than the trust arrangements in this case.

In the opinion of Mr. Chief Justice Hughes, in Morrissey v. Commissioner, 296 U.S. 344, 56 S.Ct. 289, 80 L.Ed. 263, the characteristics of an association to make it akin to a taxable corporation were pointed out by Mr. Justice Hughes and not one of such characteristics is present in the instant cases. Like difference might be noted in the case of Hecht v. Malley, 265 U.S. 144, 44 S.Ct. 462, 68 L.Ed. 949.

The case of Nashville Trust Co. v. Cotros, 6 Cir., 120 F.2d 157, does not support the contention of the Collector. In that case the trustees performed the identical functions of a corporate entity. It was an association organized for profit; certificates of contributed interest were issued and dividends were paid in accordance with such certificates.

A somewhat analogous case in support of plaintiffs is that of Lewis & Co. v. Commissioner, 301 U.S. 385, 57 S.Ct. 799, 800, 81 L.Ed. 1174. In that case the parties had been engaged in an enterprise for profit but nevertheless the court said: "The trust reviewed in the Morrissey case was essentially unlike that now under consideration. There the trust was a medium for the carrying on of a business enterprise by the trustees and participation in the profits by numerous beneficiaries whose interests were represented by transferrable share certificates, thus permitting the introduction of new participants without affecting the continuity of the plan."

As indicated, it is far different in these cases.

Other contentions made by the parties need not be noticed for the reason that they are inapplicable and furnish no aid for a consideration of these cases. It could be properly held that the trust arrangements in these cases were no more than liquidating agencies and that not in a single instance do they parallel those associations ruled to be taxable by the courts. The so-called trustees functioned as agents and were so regarded by those doing business with them.

█ In view of the above, the judgment was for the wrong party, and should be allowed the plaintiffs. Counsel for plaintiffs will prepare a proper decree, and, in doing so, will submit copy to counsel for defendant.