In re Marjorie Louise HAWORTH,
Debtor.

Lori Lea Lewis, Plaintiff,

v.

Marjorie Louise Haworth, Defendant.

Randy L. Royal, Trustee of the
Bankruptcy Estate of Marjorie
Louise Haworth, Plaintiff,

v.

Monad Trust, by and through its Co-
Trustees/Exchangors, Marjorie Louise
Haworth, Trustee, and Albert Ray-
mond Copp, Jr., Trustee; Marjorie
Louise Haworth, formerly known as
Marjorie Louise Copp, individually,
Defendants.

Bankruptcy No. 99–10085.
Adversary No. 99–1006.

United States Bankruptcy Court,
D. Wyoming.

May 3, 2000.

Patrick G. Davidson, Daly Law Associates PC, Gillette, WY, for plaintiffs.

Karjorie Louise Haworth, Sheridan, WY, Pro se.

Anthony T. Wendtland, Sheridan, WY, for Randy L. Royal.

Albert Raymond Copp, Jr., Sheridan, WY, Pro se.

### DECISION ON TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

PETER J. McNIFF, Bankruptcy Judge.

On April 20, 2000, this case came before the court for hearing on the intervening plaintiff/trustee, Randy L. Royal's motion for summary judgment. The trustee's complaint and this motion are brought against the Monad Trust through its trustees, Marjorie Louise Haworth and Albert Raymond Copp, Jr., and against Ms. Haworth individually. The trustee appeared through counsel. The defendants appeared without counsel to oppose the motion.

On several occasions, the court has advised the defendants to obtain counsel. They elected to appear without counsel, and as a consequence, the case is awash with irrelevant statements and issues. The defendants' affidavits are merely statements of argument, and the arguments presented are not cogent.

The trustee's complaint states two claims for relief: for turnover of property which is allegedly property of the estate under 11 U.S.C. § 541(a); and for the recovery of an alleged fraudulent conveyance. The motion for summary judgment is brought only as to the first claim for relief.

## JURISDICTION AND LEGAL STANDARDS

The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. The trustee's complaint is a core proceeding within the definition of 28 U.S.C. § 157(b)(2)(E) and (H). This motion is brought under Fed.R.Civ.P. 56, made applicable in adversary proceedings by Fed. R. Bankr.P. 7056.

Summary judgment is appropriate when there is no disputed issue of material fact and the moving party is entitled to judgment as a matter of law. *In re Baum,* 22 F.3d 1014, 1016 (10th Cir.1994). Under Rule 56(c), summary judgment is proper only if the evidence, reviewed in the light most favorable to the party opposing the motion, demonstrates no genuine issue of any material fact. *Frandsen v. Westinghouse Corp.,* 46 F.3d 975, 976 (10th Cir. 1995).

A material fact is one that could affect the outcome of the suit, and a genuine issue is one where the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Farthing v. City of Shawnee, Kan.,* 39 F.3d 1131, 1134 (10th Cir.1994). The court views the evidence in the light most favorable to the non-moving party, but that party cannot rest on the mere allegations in its pleadings and must come forward with evidence to raise a genuine issue. *Id.*

The defendants opposed the motion for summary judgment with argument, but provided no evidence to establish facts or to demonstrate a genuine issue of fact. The court relies on the facts in the record and those put forward by the trustee. The trustee failed to provide the court with a copy of the document which defendants argue created the Monad Trust, but the court obtained a copy from other pleadings in the record.

## UNDISPUTED FACTS

On March 17, 1999, Marjorie Haworth filed a voluntary chapter 7 petition for relief. Randy L. Royal is the chapter 7 trustee appointed in Ms. Haworth's case. Mr. Copp is Ms. Haworth's former spouse. Pursuant to the Decree of Divorce entered January 27, 1992 which dissolved the Haworth/Copp marriage, Ms. Haworth became the owner of certain real property located at 146 Metz Road, Sheridan, Wyoming.

On December 19, 1994, Haworth, Copp and one Dale Main executed an Affidavit of Contract and Declaration of Trust. The document described Haworth and Copp as "Exchangor" and initial trustee and co-trustee, respectively. The document stated that the exchangors established "a Declaration of Trust and Contract known as Monad Trust." Dale Main is described as the "creator."

The Declaration of Trust does not state the purpose of the "contract" or who, if anyone, is the beneficiary of the so-called trust. Haworth admits the purported trust has no beneficiaries. The document sets forth various "trustee powers."

Also on December 19, 1994, Haworth signed a quitclaim deed, conveying her interest in the real property to the Monad Trust. Copp signed the deed as a witness. The deed does not describe the trust, identify a trustee or beneficiary, or refer to any recorded trust document. The deed was recorded in the Sheridan County, Wyoming real estate records the same day it was executed. No other documents were recorded with the deed.

## LEGAL ANALYSIS

The trustee contends the quit claim deed conveying title of the real property to the Monad Trust is invalid because the Monad Trust is not a legal entity capable of holding property. Therefore, he contends the transfer of the real property to the Monad Trust was ineffective, the real property was owned by Ms. Haworth on the date of her petition, and is property of her bankruptcy estate under § 541(a).

The defendants contend the Monad Trust is a "pure trust contractual company agreement," which does not require a beneficiary to be enforceable, and that a contract need not comply with any statutory requirements. On the other hand, they also argue that the Monad Trust is a "business trust" created under common law. But, they dispute that the Wyoming statutes applicable to business trusts are applicable to the Monad Trust because, among other reasons, the statutes were enacted after the Monad Trust document was executed.

■ A debtor's bankruptcy estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a). The question of what is property of the estate is a question of federal law. The existence and extent of the debtor's interest is determined by state law. *In re Taylor,* 133 F.3d 1336, 1341 (10th Cir. 1998); *cert. denied by Rupp v. Taylor,* 525 U.S. 873, 119 S.Ct. 172, 142 L.Ed.2d 140 (1998).

■ Transfers of real property must go somewhere, and only a legal entity or person can hold title to land. *United States v. Stubbs,* 776 F.2d 1472, 1474 (10th Cir.1985). If property is conveyed in a deed to an entity without capacity to receive title, the conveyance is a nullity. *Id.* Similarly, if property is conveyed to a trust and the trust fails, the property is thus deemed held for the transferor. Restatement (Third) of the Law of Trusts, § 8 (Tentative Draft 1 1996).

■ The question raised by the trustee's motion is whether the "Monad Trust" qualifies as a legal entity under Wyoming law. An examination of the facts of record and the Declaration of Trust shows that the Monad Trust is a name that has no legal entity.

■ First, the Monad Trust fails as an express trust under Wyoming law. An express trust is a trust arising from the agreement of the parties, whether written or oral. *In re Antweil,* 154 B.R. 982, 985 (Bankr.D.N.M.1993). Under Wyoming law, the elements of a valid express trust are a competent settlor and trustee, an intention to create a trust, an ascertainable beneficiary, a legal purpose and a legal term. *Matter of Estate of Lohrie,* 950 P.2d 1030, 1032 (Wyo.1997). Likewise, a trust created by federal common law also requires certain elements, including an identifiable beneficiary. *United States v. Mitchell,* 463 U.S. 206, 103 S.Ct. 2961, 2962, 77 L.Ed.2d 580 (1983). The Monad Trust has no term or beneficiary.

The defendants argue the Monad Trust is a "pure trust" established by the common law. The terminology used to describe trusts is often imprecise, so not surprisingly, the defendants misunderstand the nature of various types of trusts.

■ The defendants are correct that a pure trust is not created pursuant to statute. However, the term "pure trust" generally refers to an ordinary trust, rather than a resulting trust or a constructive trust. As such, a pure trust is an orthodox trust whereby a trustee manages property for the benefit of named or described persons, as distinguished from a business association in trust form. *Fletcher v. Clark,* 57 F.Supp. 479, 480 (D.Wyo.1944), *aff'd* 150 F.2d 239 (10th Cir.1945), *cert. denied,* 326 U.S. 763, 66 S.Ct. 144, 90 L.Ed. 459 (1945). Regardless of the nomenclature, a pure trust is simply an express trust that requires identification of a beneficiary. The Monad Trust fails as a common law, ordinary, orthodox, or pure trust for want of a beneficiary, which the Declaration of Trust does not identify.

■ The defendants state that it was not their intention to create a statutory trust. They refer to business associations or business trusts as valid legal entities and imply that the Monad Trust is a business trust. The business trust (also sometimes called a common law trust or "Massachusetts trust") is a business association created by a declaration of trust to conduct

the business affairs of the trust certificate holders, as distinguished from a partnership. *Larson v. Commissioner of Internal Revenue*, 66 T.C. 159, 210, 1976 WL 3593 n10 (U.S. Tax Ct.1976). Most of the litigation surrounding such entities involved federal income tax questions and the distinction between an orthodox or pure trust and a business trust or association. *Fletcher v. Clark*, 57 F.Supp. at 480.

However, the defendants' arguments fail because business trusts are valid only if they are in compliance with statutes imposing certain obligations and duties. Even before enactment of statutes imposing requirements on the business trust or business association, the trust property had to be held by trustees for the benefit of the certificate holders or persons with an interest in the trust. Thus, even a business association trust requires identification of a beneficiary. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 100 S.Ct. 1779, 1785, 64 L.Ed.2d 425 (1980). The Monad Trust fails as a business trust, regardless of its compliance with any Wyoming statute, for lack of an identified person with an interest in the trust.

Nor can the Monad Trust qualify as a statutorily valid business association trust, because the Declaration of Trust is not in compliance with the requirements for such a trust under Wyoming law. Ms. Haworth is correct that the Declaration of Trust, purporting to establish the Monad Trust was executed prior to the enaction of the Wyoming Statutory Trust Act (WSTA). Wyo. Stat. §§ 17–23–101 through 302 (Lexis 1999). Nevertheless, the WSTA specifically states its applicability to unincorporated associations formed before and after passage of the act. Wyo. Stat. § 17–23–102 (Lexis 1999).

To constitute a valid legal entity, an unincorporated business association created by a trust document must comply with the WSTA. Wyo. Stat. § 17–23–109 & 114 (Lexis 1999). The WSTA requires an unincorporated association to identify a beneficial owner, a registered agent, and a registered office, and to file a certificate of trust. Wyo. Stat. § 17–23–102(a)(v) & 114 (Lexis 1999). Having done none of these, the Monad Trust cannot constitute a valid, statutorily-authorized legal entity pursuant to the WSTA.

The Monad Trust fails as an express or common law trust, fails to satisfy the requirements of a statutory-created business trust, and fails as a common law business association, all for the same reasons. The Declaration of Trust does not identify a beneficiary, or a legal term.

Ms. Haworth contends the Monad Trust is a "contractual company agreement." Under some circumstances, a contractual company might be akin to a partnership. However, neither the document itself nor the defendants' pleadings evidence an intention to create a partnership or even a business arrangement for profit. Quoting the defendants, the Monad Trust may well be the creation of "a number of Contracts with the name of a trust," but the contracts did not create a legal entity valid under Wyoming law. The defendants have provided no information or documents which could remotely be considered to raise a genuine issue of fact.

## CONCLUSION

The Monad Trust is only a name without a legal entity. Thus, it cannot hold title to real property, the deed to Monad Trust fails, and the real property in question was property of Marjorie Haworth on the date she filed her bankruptcy petition. The court concludes the real property is the property of Ms. Haworth's bankruptcy estate.

The defendants raise other issues. For example, they argue the trustee's complaint is illegal, is time barred under the statute of limitations applicable to 11 U.S.C. § 548, their rights under the Constitution of the United States are violated, and application of the WSTA to the Monad Trust is an ex post facto application of the law. These arguments are unsubstantiat-

ed and irrelevant. There is no genuine issue of material fact, and the court will issue a separate judgment in accordance with this decision on the trustee's complaint.