**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 3 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

In re:

MARJORIE LOUISE HAWORTH,

Debtor.

ALBERT RAYMOND COPP, JR.;
MARJORIE LOUISE HAWORTH,

Appellants,

v.

RANDY L. ROYAL,

Appellee.

No. 00-8081
(D.C. No. 00-CV-107)
(D. Wyo.)

**ORDER AND JUDGMENT** *

Before **HENRY** , **ANDERSON** , and **MURPHY** , Circuit Judges.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Debtor Marjorie Louise Haworth, along with her former husband Albert Raymond Copp, Jr., [1] seeks review of the district court's order affirming the bankruptcy court's grant of summary judgment declaring certain real property in the state of Wyoming to be part of debtor's bankruptcy estate. *See Lewis v. Haworth (In re Haworth)*, 253 B.R. 478 (Bankr. D. Wyo. 2000). We affirm.

The operative facts are known to the parties, and we need not belabor them. Pursuant to a divorce decree between Haworth and Copp, Haworth became the sole owner of the property in 1992. In December of 1994, Haworth, Copp and one Dale Main executed a document purporting to establish an entity called the "Monad Trust" and to transfer the property into that trust. After Haworth filed her chapter 7 bankruptcy proceeding in 1999, the trustee claimed that the purported transfer of the property was void because "the Monad Trust is not a legal entity capable of holding property." *Id.* at 480. The trustee claimed that the purported "transfer of the real property was ineffective, the real property was

---

[1]    We decline to address the issue of Mr. Copp's standing and consider the arguments to be those of the debtor alone.

owned by Ms. Haworth on the date of her [bankruptcy] petition, and is property of her bankruptcy estate." *Id.*

Haworth described the trust as a contractual company agreement, *id.* at 482 (quotations omitted), "a number of [c]ontracts with the name of a trust," *id.*, a "[p]rivate [c]ontractual [c]ompany," Appellant's Br. at 5, a "legally operational trust,: *id.* at 7, an "unincorporated business organization," R. Vol. I, Doc. 1 at 382, and a "set of [c]ontracts in the form of a trust and not a trust in the normal sense of the word." *Id.* The bankruptcy court explained the requirements for establishing a trust under Wyoming law, underscoring the primary flaw in the Monad Trust, which is the lack of a beneficiary. Both the bankruptcy court and the district court concluded that the Monad Trust is merely a name "without a legal entity." *In re Haworth*, 253 B.R. at 482; Appellee's App. at 123.

We review conclusions of law by the bankruptcy and district courts *de novo* and the bankruptcy court's findings of fact for clear error. *See Homestead Golf Club, Inc. v. Pride Stables*, 224 F.3d 1195, 1199 (10th Cir. 2000). We have carefully considered the parties' arguments and the record on appeal and are persuaded that the factfinding of the bankruptcy and district courts is not clearly erroneous and that their conclusions of law regarding the Monad Trust are correct. Accordingly, we affirm for substantially the reasons set forth by the district court in its Order on Appeal of September 18, 2000, Appellee's App.

at 117-28, and the bankruptcy court's order of May 3, 2000, *In re Haworth*, 253 B.R. at 481-83.

In her brief on appeal, Haworth contends she is entitled to invoke the Homestead Exemption Act under Wyoming law. We have searched the record and are unable to find any evidence that she has raised this argument before either the bankruptcy or district courts. We will not consider arguments raised for the first time on appeal. *See Creative Gifts, Inc. v. UFO*, 235 F.3d 540, 545 (10th Cir. 2000).

The trustee's motion to dismiss Albert Raymond Copp, Jr. is denied as moot. The trustee's motion to file an appendix is granted. All other outstanding motions are denied.

The judgment of the United States District Court for the District of Wyoming is AFFIRMED, and the mandate shall issue forthwith.

Entered for the Court


Stephen H. Anderson
Circuit Judge

-4-